COMMERCIAL NATIONAL BANK OF PEORIA, Trustee, *et al.*, Plaintiffs-Appellants, v. THE NORTHWEST BANK OF PEORIA, Defendant-Appellee.

Third District No. 3—83—0729

Opinion filed November 21, 1984.

Franklin L. Renner, of O'Hern, Wombacher, Moon & Renner, of Peoria, for appellant.

John C. Parkhurst, of Bartley, Fraser, Parkhurst & Hession, and Brent H. Gwillim, of Heyl, Royster, Voelker & Allen, both of Peoria, for appellee.

JUSTICE BARRY delivered the opinion of the court:

The plaintiff, Commercial National Bank of Peoria, appeals from various orders of the circuit court of Peoria County dismissing the plaintiff's cause of action against the defendant, the Northwest Bank of Peoria. While it was not brought to the attention of this court by the parties, we note that we lack jurisdiction to hear this appeal because no final and appealable order was entered by the trial court. For this reason, we do not consider the issues raised by the plaintiff, and this appeal is dismissed.

The last order from which the plaintiff appeals was entered on October 13, 1983. The plaintiff characterizes this order as dismissing all counts of the complaint with prejudice. However, an examination of that order reveals that it dismisses only counts III through VI of the plaintiff's second amended complaint. There is no reference to counts I and II.

The plaintiff's third amended counts I and II were dismissed with

leave to amend on May 18, 1983. At that time, the plaintiff was given 30 days in which to amend counts I and II. Apparently, the plaintiff did not file amended counts I and II, because on August 12, 1983, the defendants filed a motion to compel the plaintiff to file amended counts or, in the alternative, to strike counts I and II. There is no order in the record relating to the disposition of this motion. Thus, on appeal we have only the May 18, 1983, order dismissing counts I and II with leave to amend, and the October 13, 1983, order dismissing counts III through VI with prejudice.

Under section 2—616 of the Code of Civil Procedure, a trial court may allow amendments to the pleadings at any time prior to final judgment on just and reasonable terms as may appear proper to the court. (Ill. Rev. Stat. 1983, ch. 110, par. 2—616.) Thus, trial court orders dismissing a complaint but granting leave to amend are not final and appealable. (*Gutenkauf v. Gutenkauf* (1979), 69 Ill. App. 3d 871, 387 N.E.2d 918.) Similarly, an order dismissing a portion of a complaint with prejudice is only a partial final judgment which is not appealable unless it meets the requirements of Supreme Court Rule 304(a). See *Echo Lake Concerned Citizens Homeowners Association v. Village of Lake Zurich* (1979), 68 Ill. App. 3d 219, 386 N.E.2d 117.

In the instant case, counts I and II were dismissed with leave to amend and, subsequently, counts III through VI were dismissed with prejudice. The order dismissing counts I and II with leave to amend is not appealable, notwithstanding that the plaintiff failed to amend within the time allotted by the trial court. (*Wick Building Systems, Inc. v. Bunning* (1982), 107 Ill. App. 3d 61, 437 N.E.2d 341.) The order dismissing counts III through VI does not meet the requirements of Supreme Court Rule 304(a) and is, therefore, not appealable. (87 Ill. 2d R. 304(a).) Further, the earlier orders contained in the record on appeal, each of which allows the plaintiff leave to amend, are not final and appealable.

Accordingly, the appeal from the orders of the circuit court of Peoria County is dismissed.

Appeal dismissed.

STOUDER and SCOTT, JJ., concur.