PATRICIA A. BUECHELE, Plaintiff-Appellant, v. ST. MARY'S HOSPITAL DECATUR, Hospital Sisters of the Third Order of Saint Francis, Defendant-Appellee.

Fourth District   No. 4—86—0584

Opinion filed June 11, 1987.

Perry S. Albin, of Decatur, for appellant.

Alan E. Sohn, John J. Bollman, and James A. Uhl, all of Wood, Lucksinger & Epstein, of Chicago, for appellee.

JUSTICE GREEN delivered the opinion of the court:

This case concerns the sufficiency of a complaint to state a cause of action for the torts of defamation, intentional infliction of emotional distress and retaliatory discharge. Plaintiff, Patricia Buechele, filed a complaint against defendant, St. Mary's Hospital, in the circuit court of Macon County on April 26, 1985. She subsequently filed an amended complaint on December 27, 1985. On April 4, 1986, following a hearing on the amended complaint, the court dismissed counts II and III with prejudice for failure to state a cause of action. Count I was dismissed with leave to file an amended count I within 28 days. Plaintiff elected to stand on the amended count, and, on August 1, 1986, the court granted defendant's motion to dismiss count I. Plaintiff filed notice of appeal on September 2, 1986.

Defendant argues initially that appeal as to counts II and III was not timely filed. Defendant maintains that, because those counts were dismissed with prejudice in April 1986, the orders were final and plaintiff was required to file appeal as to those counts within 30 days. Defendant's argument is without merit. An order dismissing a portion of a complaint with prejudice is not appealable as a matter of right unless it meets the requirements of Supreme Court Rule 304 (103 Ill. 2d R. 304; *Commercial National Bank v. Northwest Bank* (1984), 128 Ill. App. 3d 1050, 471 N.E.2d 944). Defendant's reliance on *St. Joseph Data Service, Inc. v. Thomas Jefferson Life Insurance Co.* (1979), 73 Ill. App. 3d 935, 393 N.E.2d 611, is misplaced. There, orders final as to some but not all counts of a complaint were deemed appealable when a finding complying with Supreme Court Rule 304(a) (103 Ill. 2d R. 304(a)) had been made. Those requirements were not met here, and plaintiff properly filed appeal within 30 days of entry of the appealable order.

Count I of plaintiff's amended complaint alleged: (1) Plaintiff was employed by defendant as a registered nurse; (2) on January 5, 1984, defendant's supervisory personnel accused plaintiff of stealing drugs and controlled substances from defendant's emergency room; (3) on January 5, 1984, plaintiff's immediate supervisor accused plaintiff of stealing those substances in the presence of others; (4) on February 9, 1984, defendant determined that those accusations against plaintiff lacked foundation; (5) on April 30, 1984, unknown employees of defendant reported thefts of drugs and controlled substances and filed a complaint in that regard against plaintiff with the Illinois Depart-

ment of Education and Registration (Department); (6) the Department subsequently determined that the accusations were untrue; (7) defendant's employees were acting within the scope of their employment when they made the accusations; and (8) those employees made the accusations maliciously and with the knowledge they were false.

Count II of plaintiff's complaint alleged: (1) As a result of the allegations in count I, plaintiff was required to employ an attorney to represent her and defend her against the charges; (2) throughout the time those accusations were made, defendant's supervisory employees harassed, mistreated and intimidated plaintiff by criticizing her job performance using harsher and stricter standards than those applied to other nursing personnel, changing her work schedule, and casting suspicion among other medical personnel about her ability to handle drugs and controlled substances; (3) at the time of the occurrences, plaintiff was pregnant and more susceptible to infliction of emotional distress; (4) as a result of the foregoing, plaintiff suffered nervous shock, emotional distress, pain and suffering, and was required to purchase medication for recurring migraine headaches. Count III alleged that plaintiff was discharged from her employment with defendant in retaliation for filing the instant suit against defendant.

Count I is an action for defamation predicated on two separate alleged acts of misconduct. The first act consisted of allegedly slanderous comments made by an employee of defendant in the presence of others on or about January 5, 1984. The second act consisted of allegedly libelous statements transmitted by an employee of defendant to the Department of Registration and Education on April 30, 1984.

Defendant argued in its motion to dismiss that the allegedly slanderous comments, made on or about January 5, 1984, were time barred by plaintiff's failure to file her complaint within one year after the cause of action accrued. (Ill. Rev. Stat. 1985, ch. 110, par. 13– 201.) We agree. Plaintiff filed her complaint on April 16, 1985, which was more than one year after the statements were made. The trial court correctly dismissed the count as to any allegedly slanderous statements made on or about January 5, 1984.

Defendant further argued that any allegedly libelous statements made in a report to the Illinois Department of Registration and Education on or about April 30, 1984, were barred by section 26.1 of the Illinois Nursing Act (Ill. Rev. Stat. 1985, ch. 111, par. 3435.1), which states in part that "[a]ny person making a report under this Section or in good faith assisting another person in making such a report" shall have civil and criminal immunity from suit arising from such action. Plaintiff made no allegation that any employees of

defendant assisted in the making of such a report. Accordingly, any employees of defendant who made such a report would appear by the foregoing language to have absolute immunity from suit.

However, the next sentence of section 26.1 after that discussed in the preceding paragraph states:

"For the purpose of any legal proceeding, criminal or civil, there shall be a rebuttable presumption that any person making a report under this Section or assisting another person in making such report was acting in good faith." (Ill. Rev. Stat. 1985, ch. 111, par. 3435.1.)

Section 26.1 must be considered as a whole without making any portion of it meaningless. (*People v. Tarlton* (1982), 91 Ill. 2d 1, 434 N.E.2d 1110.) If the legislature intended for persons making the described reports to have absolute immunity, the subsequent language giving a presumption of good faith to both those making the reports and those assisting them would be meaningless to the extent that it refers to those making the reports. Furthermore, a provision which would grant absolute immunity to those making the reports but only qualified immunity to those assisting would make no sense. In giving a meaning to each provision of section 26.1, we must strive to give an intelligent meaning. (*Stiska v. City of Chicago* (1950), 405 Ill. 374, 90 N.E.2d 742.) The only sensible meaning which we can give to section 26.1 is that it gives immunity to preparers of the reports described therein and those assisting them only to the extent that they act in good faith.

Accordingly, the circuit court should not have dismissed count I to the extent that it sought relief for the sending in bad faith of the report on April 30, 1984.

■ We consider next the sufficiency of count II alleging intentional infliction of emotional distress. The supreme court noted in *Public Finance Corp. v. Davis* (1976), 66 Ill. 2d 85, 360 N.E.2d 765, the test used to determine the sufficiency of a complaint to state a cause of action for intentional infliction of emotional distress:

"First, the conduct must be extreme and outrageous. *** 'It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by "malice," or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency ***.' Restatement (Second)

of Torts, sec. 46, comment d (1965).

Second, *** [t]he emotional distress must be *severe*. *** 'The law intervenes only where the distress inflicted is so severe that no reasonable man could be expected to endure it. The intensity and the duration of the distress are factors to be considered in determining its severity.' Comment *j*. See, also Prosser, Law of Torts sec. 12, at 54 (4th ed. 1971).

Third, *** [the] conduct [must be that] from which the actor knows severe emotional distress is certain or substantially certain to result. (Comment *i*.) Liability extends to situations in which there is a high degree of probability that severe emotional distress will follow and the actor goes ahead in conscious disregard of it. Prosser, Law of Torts 60 (4th ed. 1971).

Fourth, as is stated in comment *e*, the extreme and outrageous character of the conduct may arise from an abuse of a position or a relation with another which gives the actor actual or apparent authority over the other or power to affect his interests." 66 Ill. 2d 85, 89-90, 360 N.E.2d 765, 767.

The conduct alleged here by the unknown employees of defendant is not of such an extreme and outrageous nature as to constitute a basis for recovery under the theory of intentional infliction of emotional distress. The report was filed under a statute obligating any person with knowledge of any action or condition which would reasonably indicate that a nurse was misusing drugs or controlled substances in a health-care environment to file such a report. Even if the report had been filed in bad faith and with malice, it was not enough to be characterized as extreme and outrageous when imposed upon a person of "ordinary sensibilities." *Knierim v. Izzo* (1961), 22 Ill. 2d 73, 86, 174 N.E.2d 157, 164; *Morrison v. Sandell* (1983), 112 Ill. App. 3d 1057, 1060, 446 N.E.2d 290, 292.

■ Finally, count III alleges plaintiff was discharged from her employment in retaliation for instituting the present action as set forth in counts I and II. The tort of retaliatory discharge was first recognized in Illinois in *Kelsay v. Motorola, Inc.* (1978), 74 Ill. 2d 172, 384 N.E.2d 353. In 1981, the supreme court described the essential requirements of the cause of action stating that an employee need only allege facts to show he was discharged in retaliation for the employee's activities and that the discharge violated a clearly mandated public policy. (*Palmateer v. International Harvester Co.* (1981), 85 Ill. 2d 124, 134, 421 N.E.2d 876, 881.) In *Palmateer*, the court stated "[h]owever, the employer retains the right to fire workers at will in cases 'where no clear mandate of public policy is involved.' " (85 Ill.

2d 124, 130, 421 N.E.2d 876, 878.) The supreme court refused to extend the doctrine to an employee who claimed his discharge was in retaliation for filing a health insurance claim (*Price v. Carmack Datsun, Inc.* (1985), 109 Ill. 2d 65, 485 N.E.2d 359), an employee who alleged wrongful discharge based on age (*Mein v. Masonite Corp.* (1985), 109 Ill. 2d 1, 485 N.E.2d 312), and employees who claimed their discharge violated their constitutional guarantee of free speech (*Barr v. Kelso-Burnett Co.* (1985), 106 Ill. 2d 520, 478 N.E.2d 1354). In *Barr*, the court stated it did not support any further expansion of the retaliatory discharge tort.

■ The right to file a lawsuit claiming individual injury is a purely personal right and does not involve any clearly mandated public policy. In light of the supreme court's stated policy to limit the tort of retaliatory discharge, we conclude that the trial court was correct in dismissing the count for failure to state a cause of action.

Accordingly, we affirm judgment appealed to the extent that it dismisses, in bar of action, counts II and III. We reverse the portion of the judgment dismissing count I and remand to the circuit court with directions to order the striking of the portions of count I referring to defamatory conduct of defendant alleged to have been uttered on January 5, 1984. The court shall then proceed as is appropriate.

Affirmed in part, reversed in part, and remanded with directions.

SPITZ, P.J., and LUND, J., concur.