RICHARD MITCHELL *et al.*, Plaintiffs-Appellants, v. RUSSELL W. DEAL *et al.*, Indiv. and d/b/a Deal Farms, Defendants-Appellees.

Third District    No. 3—92—0452

Opinion filed February 23, 1993.

Kingery, Duree, Wakeman & Ryan, of Peoria (Lindsay W. Wright, of counsel), for appellants.

Stephen D. Gay, of Husch & Eppenberger, of Peoria (Jeffrey A. Ryva, of counsel), for appellees.

JUSTICE BARRY delivered the opinion of the court:

Plaintiffs Richard and Linda Mitchell bring this appeal pursuant to Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)) from an order entered by the circuit court of Peoria County dismissing two counts of a six-count complaint. The suit arises out of personal injuries and the termination of Richard's employment with defendants Russell Deal and Dennis Worsfold (hereinafter Deal Farms). Linda's claims are for loss of consortium. The dismissed counts claim compensatory (count V) and punitive (count VI) damages for wrongful termination of employment based on allegations that Deal Farms discharged Richard for having retained counsel to pursue legal remedies for his personal injuries, for pursuing those remedies and for filing a claim against Deal Farms for compensation. On motion of defendants, the circuit court dismissed the two counts with prejudice "because said Counts can never state a valid cause of action for retaliatory discharge."

According to the pleadings, Richard was employed by Deal Farms as an at-will farm laborer on December 29, 1991, when he suffered a severe injury to his right arm. The complaint recites that while "engaged in the course and scope of his employment duties," plaintiff's arm got caught in the drive shaft of an unguarded augur owned by defendants. Subsequently, pursuant to their agreement, defendants paid Richard's medical bills and $200 per week during the period of his temporary disability. Richard hired a law firm to pursue claims for the injuries on January 12, 1992; and on January 20 he was told by an agent for defendants' insurer that medical benefits and compensation would be terminated because he was being represented by an attorney. This information was verified by defendants on January 23. On January 25, Richard received written notice that his employment was terminated and that he was being evicted from the home which defendants provided as part of their employment agreement with Richard. This suit was filed in the circuit court on January 30, 1992. The order dismissing counts V and VI was entered on May 29, 1992.

In this appeal plaintiffs contend that the circuit court erred in dismissing with prejudice their claims for retaliatory discharge. We do not agree.

The Illinois Supreme Court first recognized a cause of action for retaliatory discharge in Illinois in *Kelsay v. Motorola, Inc.* (1978), 74 Ill. 2d 172, 384 N.E.2d 353. Plaintiffs contend that the facts of *Kelsay* are analogous to their case. They urge that the public policy rationale expressed by our supreme court in creating the cause of action in *Kelsay* applies with equal force here.

In *Kelsay*, plaintiff alleged that she was terminated from her employment with Motorola because she claimed workers' compensation benefits for a thumb injury. Plaintiff was an "at will" employee, and the employer argued that there was nothing in the Workers' Compensation Act "that impinged on the employer's unfettered right to terminate without cause an employee whose employment contract was at will." (74 Ill. 2d at 179, 384 N.E.2d at 356.) After a thorough analysis of the legislative history of the Act, our supreme court rejected the employer's arguments. The court stated:

> "We cannot ignore the fact that when faced with such a dilemma many employees, whose common law rights have been supplanted by the [Workmen's Compensation] Act, would choose to retain their jobs, and thus, in effect, would be left without a remedy either common law or statutory. This result, which effectively relieves the employer of the responsibility expressly placed upon him by the legislature, is untenable and is contrary to the public policy as expressed in the Workmen's Compensation Act. We cannot believe that the legislature, even in the absence of an explicit proscription against retaliatory discharge, intended such a result." 74 Ill. 2d at 182, 384 N.E.2d at 357.

The cause of action for retaliatory discharge was subsequently extended to employees whose discharge results from active participation in the investigation of a fellow employee's criminal conduct. (*Palmateer v. International Harvester Co.* (1981), 85 Ill. 2d 124, 421 N.E.2d 876.) When asked to further expand the scope of the tort action beyond workers' compensation and "whistle-blower" related discharges, however, our supreme court has drawn the line and denied plaintiffs' retaliatory discharge causes of action. (See *Barr v. Kelso-Burnett Co.* (1985), 106 Ill. 2d 520, 478 N.E.2d 1354 (alleging employer's discharge violated plaintiffs' constitutional and civil rights); *Price v. Carmack Datsun, Inc.* (1985), 109 Ill. 2d 65, 485 N.E.2d 359 (alleging retaliatory discharge for filing health insurance

claims); *Hartlein v. Illinois Power Co.* (1992), 151 Ill. 2d 142, 601 N.E.2d 720 (injunctive relief for "constructive discharge" based on employer's directive to begin job search not available on retaliatory discharge theory).) Likewise, our appellate court has refused to countenance an expansion of the tort by denying claims of retaliatory discharge brought on grounds outside of those approved in *Kelsay* and *Palmateer.* See *Melton v. Central Illinois Public Service Co.* (1991), 220 Ill. App. 3d 1052, 581 N.E.2d 423 (alleging threats of retaliatory discharge for taking time from work to receive treatment for workers' compensation-related injuries); *Buechele v. St. Mary's Hospital* (1987), 156 Ill. App. 3d 637, 509 N.E.2d 744 (alleging retaliatory discharge for instituting suit against employer for defamation and intentional infliction of emotional distress); *Scheller v. Health Care Service Corp.* (1985), 138 Ill. App. 3d 219, 485 N.E.2d 26 (alleging employer's conduct resulted in employee's physical and emotional breakdown and forced her to resign); *Thomas v. Zamberletti* (1985), 134 Ill. App. 3d 387, 480 N.E.2d 869 (alleging discharge for seeking and receiving medical treatment for non-work-related injuries).

■■ A valid cause of action for retaliatory discharge requires a showing that the at-will plaintiff/employee was: (1) discharged; (2) that the discharge was in retaliation for the employee's activities; and (3) that the discharge violates a clearly mandated public policy. (*Hartlein,* 151 Ill. 2d at 159, 601 N.E.2d at 728.) In the instant case, the linchpin issue is whether the retaliatory discharge of an injured at-will farm employee whose employer has not chosen to purchase workers' compensation coverage or was not obligated to comply with the Workers' Compensation Act violates a "clearly mandated public policy." As stated by the court in *Palmateer,* although there is no precise definition of the phrase,

> "public policy concerns what is right and just and what affects the citizens of the State collectively. It is to be found in the State's constitution and statutes and, when they are silent, in its judicial decisions. (*Smith v. Board of Education* (1950), 405 Ill. 143, 147[, 89 N.E. 893].) Although there is no precise line of demarcation dividing matters that are the subject of public policies from matters purely personal, a survey of cases in other States involving retaliatory discharges shows that a matter must strike at the heart of a citizen's social rights, duties, and responsibilities before the tort will be allowed." *Palmateer,* 85 Ill. 2d at 130, 421 N.E.2d at 878-79.

■ Plaintiffs concede that Richard's employment is excepted from the Workers' Compensation Act pursuant to subsection 3(19), which provides:

"19. Nothing contained in this Act shall be construed to apply to any agricultural enterprise, including aquaculture, employing less than 400 working days of agricultural or aquacultural labor per quarter during the preceding calendar year, exclusive of working hours of the employer's spouse and other members of his or her immediate family residing with him or her." Ill. Rev. Stat. 1991, ch. 48, par. 138.3(19).

We believe that with the exception of workers' compensation coverage this case is indistinguishable from *Kelsay*. However, in the absence of any specific statute enacted for the benefit of injured employees such as Richard, whose employers are excepted from the Workers' Compensation Act, we cannot find that plaintiffs have stated a clearly mandated public policy. The right plaintiffs seek to vindicate here is personal and private, not affecting the citizens of Illinois collectively. See *Palmateer*, 85 Ill. 2d 124, 421 N.E.2d 876.

As noted by the court in *Kelsay*, the employee covered by workers' compensation is restricted to the recovery allowed under the Act for his injuries. The Workers' Compensation Act itself would be undermined if employers were permitted to abuse their power over their at-will employees if they could discharge them for pursuing the only remedy they had available to them. (*Kelsay*, 74 Ill. 2d at 182, 384 N.E.2d at 357.) Such is not the case here. Because this plaintiff is not covered under the Act, his legal remedy is not statutorily restricted. Thus, unlike the plaintiff in *Kelsay*, Richard, who is unquestionably an at-will employee, may seek the common law remedies available to him. The circumstances here do not make the tort of retaliatory discharge available to this plaintiff unless and until our legislature may suggest it to be otherwise.

We conclude, as did the circuit court, that Deal Farms' retaliatory discharge of its at-will employee in this case did not violate a clearly mandated public policy of this State. Accordingly, we affirm the order of the circuit court of Peoria County dismissing counts V and VI of plaintiffs' complaint.

Affirmed.

McCUSKEY, P.J., and LYTTON, J., concur.