ELLEN C. PARIS, Plaintiff-Appellant, v. CHERRY PAYMENT SYSTEMS, INC., Defendant-Appellee.

First District (2nd Division)    No. 1—93—3260

Opinion filed July 19, 1994.

Glenn M. Turner, of Wheeling, for appellant.

Winston & Strawn, of Chicago (William G. Miossi and Joseph J. Torres, of counsel), for appellee.

JUSTICE HARTMAN delivered the opinion of the court:

Plaintiff Ellen C. Paris (Paris) appeals dismissal of her complaint for retaliatory discharge, arguing the circuit court erred in granting

defendant's section 2—615 motion to dismiss (735 ILCS 5/2—615 (West 1992)) for failure to state a cause of action.

On February 17, 1993, Paris accepted a position as a telemarketer with defendant Cherry Payment Systems, Inc. (Systems), and began work the following day, of which she informed her son, Thomas M. Paris, an attorney. Her son advised her that he represented a client involved in litigation against Systems unrelated to her current position.

On February 22, 1993, Paris' son wrote Systems' attorneys, advising them that Paris had accepted a job with defendant, claiming this did not present a conflict of interest. Systems' attorneys' reply letter stated a conflict existed and requested Paris' son to resolve the situation. By telephone, Paris' son reiterated his belief to one of Systems' attorneys that Paris' employment posed no conflict with his representation of a client involved in litigation against Systems.

On March 9, 1993, Peter Moles, Paris' supervisor, and David Giangreco called Paris into Moles' office where, according to Paris' complaint, Giangreco informed her she was fired because her son was representing someone in a lawsuit against Systems. Paris claims that Moles protested the firing and described her as "a top notch telemarketer" who had "done nothing but make money for the company since the day she began." Giangreco allegedly informed Paris that Systems' attorneys had decided to fire her and rejected Moles' request to speak with these attorneys.

On March 23, 1993, Paris brought an action for retaliatory discharge. Systems moved to dismiss pursuant to section 2—615 of the Code of Civil Procedure. (735 ILCS 5/2—615 (West 1992).) On August 12, 1993, the circuit court dismissed her complaint finding that she sought an unprecedented extension of the retaliatory discharge tort.

Paris contends the circuit court erred in dismissing her complaint since she stated a valid claim for retaliatory discharge. Systems responds that the court properly dismissed the complaint because Paris failed to allege violation of a clearly mandated public policy.

●1 The tort of retaliatory discharge is an exception to the general rule that an at-will employee is terminable at any time for any or no cause. (*Palmateer v. International Harvester Co.* (1981), 85 Ill. 2d 124, 128, 421 N.E.2d 876.) A valid claim for retaliatory discharge requires a showing that an employee has been (1) discharged; (2) in retaliation for the employee's activities; and (3) that the discharge violates a clear mandate of public policy. (*Hartlein v. Illinois Power Co.* (1992), 151 Ill. 2d 142, 160, 601 N.E.2d 720.) Although there is no precise definition of public policy, it concerns what is right and just and what affects the citizens of the State collectively. (*Palmateer*, 85

Ill. 2d at 130.) The cause of action is allowed where the public policy is clear, but is denied where it is equally clear that only private interests are at stake. *Palmateer*, 85 Ill. 2d at 131.

Here, Paris failed to allege her discharge was in retaliation for her own activities. Her termination resulted from a lawsuit filed by others. More importantly, Paris has failed to plead adequately that her discharge contravened a clearly mandated public policy.

Paris relies upon the "certain remedy" provision of the Illinois Constitution (Ill. Const. 1970, art. I, § 12) (section 12) to support her contention that a clear public policy of free access to the courts was violated when she was discharged in retaliation for her son's lawsuit. Her reliance is misplaced. Section 12 and its predecessors have been construed as an expression of political philosophy and not as a mandate that a "certain remedy" be provided in any specific form. *Bilyk v. Chicago Transit Authority* (1988), 125 Ill. 2d 230, 245, 531 N.E.2d 1; *Wheeling Trust & Savings Bank v. Tremco Inc.* (1987), 153 Ill. App. 3d 136, 144, 505 N.E.2d 1045.

●2 In order to constitute a public policy exception justifying application of the tort of retaliatory discharge, the matter "must strike at the heart of a citizen's social rights, duties, and responsibilities." (*Palmateer v. International Harvester Co.* (1981), 85 Ill. 2d 124, 130, 421 N.E.2d 876.) Illinois courts have applied the tort of retaliatory discharge in only two situations: where the discharge stems from asserting a worker's compensation claim and where the discharge is for certain activities referred to as "whistle-blowing." (*Abrams v. Echlin Corp.* (1988), 174 Ill. App. 3d 434, 443, 528 N.E.2d 429.) Other than these two circumstances, however, Illinois courts have consistently refused to expand the tort to encompass a private and individual grievance. (*Price v. Carmack Datsun, Inc.* (1985), 109 Ill. 2d 65, 485 N.E.2d 359; *Eisenbach v. Esformes* (1991), 221 Ill. App. 3d 440, 582 N.E.2d 196; *Buechele v. St. Mary's Hospital Decatur* (1987), 156 Ill. App. 3d 637, 509 N.E.2d 744; *Abrams v. Echlin Corp.* (1988), 174 Ill. App. 3d 434, 528 N.E.2d 429; *Mitchell v. Deal* (1993), 241 Ill. App. 3d 331, 609 N.E.2d 378.) The right to file a retaliatory discharge lawsuit claiming individual injury without implicating any clearly mandated public policy is not cognizable by Illinois law. *Buechele v. St. Mary's Hospital Decatur* (1987), 156 Ill. App. 3d 637, 643, 509 N.E.2d 744.

●3 Given the limited scope of the tort of retaliatory discharge, we conclude, as have cases in other jurisdictions construing similar language, that section 12 does not create a clear and unambiguous public policy exception to the employment-at-will doctrine. *Kavanagh v. KLM Royal Dutch Airlines* (N.D. Ill. 1983), 566 F. Supp. 242; *Deit-*

386

*ers v. Home Depot U.S.A., Inc.* (M.D. Tenn. 1993), 842 F. Supp. 1023; *Beam v. IPCO Corp.* (7th Cir. 1988), 838 F.2d 242; *Whitman v. Schlumberger Ltd.* (N.D. Cal. 1992), 793 F. Supp. 228.

Paris also contends the preamble to the Rules of Professional Conduct (134 Ill. 2d preamble) provides a public policy basis for her retaliatory discharge claim by ensuring access to counsel and the courts. As the previous discussion illustrates, free access to the courts by third parties has not been recognized as a public policy exception to the employment-at-will doctrine. The instant case involves a private dispute and, therefore, does not provide a set of facts warranting expansion of the tort of retaliatory discharge.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

DiVITO, P.J., and McCORMICK, J., concur.