Gevinn P. BANKS, Plaintiff,

v.

**CHICAGO BOARD OF EDUCATION,** Scott Feaman, individually and in his official capacity as principal of Charles Earle Elementary School, Geraldine Johnson, individually and in her official capacity as principal of McClellyn Elementary School, Defendants.

No. 94 C 6469.

United States District Court, N.D. Illinois, Eastern Division.

July 21, 1995.

Edward B. Ruff, III, Pretzel & Stouffer, Chtd., Chicago, IL, for plaintiff.

Gevinn Pearl Banks, Chicago, IL, pro se.

Patricia J. Whitten, City of Chicago Board of Education, Chicago, IL, La–Verne Rolle Saunders, Joan T. Agnew, Board of Education of the City of Chicago, Law Department, Chicago, IL, for defendants.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Defendants, Chicago Board of Education (the "Board"), Scott Feaman and Geraldine Johnson, have filed a motion to dismiss Count II and Ms. Johnson from the amended complaint filed by plaintiff Gevinn Pearl Banks.[1] For the reasons stated below, the defendants' motion is granted.

### Background

Ms. Banks asserts three counts in the amended complaint: violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, (Count I); wrongful termination (Count II);[2] and breach of contract (Count III). The amended complaint alleges the following facts, which are assumed to be true for purposes of this motion. Ms. Banks is a United States citizen residing in Cook County, Illinois and is presently unemployed. Previously, she was employed by the Board

---

1. Ms. Banks did not file a timely response to the motion.

2. Count II of the amended complaint originally included an additional claim of "tortious inten-

tional infliction of emotional distress," which Ms. Banks withdrew pursuant to the Court's Order dated April 14, 1995.

as a full-time substitute teacher. The Board is an association organized under the laws of Illinois and was at all relevant times responsible for the Chicago Public Schools. Mr. Feaman, an Illinois resident, is the Principal of Charles Earle Elementary School ("Earle Elementary"). Ms. Johnson, also an Illinois resident, is the Principal of McClellyn Elementary School ("McClellyn Elementary").

In Count I, which claims gender discrimination in violation of Title VII, Ms. Banks alleges that during the spring of 1991 and in January, 1992 while employed at Earle Elementary, she was subjected "to unwelcome verbal sexual advances and offers." In particular, Ms. Banks complains that Mr. Feaman asked her to lunch "on separate occasions" and uninvitedly "put his arms around [her] in an [sic] hugging manner." Mr. Feaman also from time to time observed Ms. Banks while she was teaching her classes. After Ms. Banks declined Mr. Feaman's unwelcome advances, Mr. Feaman lowered her job evaluations from satisfactory to unsatisfactory. Ms. Banks was demoted from her full-time position at Earle Elementary on October 2, 1992, and her employment as a teacher was terminated on May 28, 1993.

Count II of the amended complaint, the wrongful termination claim, is the count presently at issue. Count II incorporates all of the allegations in Count I and further alleges that Ms. Banks was a full-time teacher at McClellyn Elementary from January 11, 1993 until May 28, 1993, the date of her termination. Ms. Banks alleges that prior to her discharge, Ms. Johnson continually undermined her by interrupting her classes and criticizing her teaching methods in the presence of students. Also, Ms. Banks was denied equal access to teaching materials and was ordered to leave the classroom and sit in the hall outside Ms. Johnson's office.

### Whether there is Federal Subject Matter Jurisdiction Over Count II

■ The motion to dismiss argues that there is no federal subject matter jurisdiction over Count II claiming wrongful termination under Illinois common law. 28 U.S.C. § 1367

confers supplemental jurisdiction over state claims which are so related to claims within the district court's original jurisdiction "that they form part of the same case or controversy under Article III of the United States Constitution." Pendent state claims need not arise out of identical facts as the federal claims—there must only be a "common nucleus of operative fact" linking the claims. *United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966).

■ Count I alleging violation of Title VII is jurisdictionally sufficient as a federal question. *See* 28 U.S.C. § 1331. Count II, the state law wrongful termination claim, incorporates all of the factual allegations made in Count I and adds further allegations concerning Ms. Johnson. Because Count II alleges by reference the identical factual situation alleged in Count I, there is sufficient connection between the factual basis for the civil rights claim and the factual basis for the wrongful termination claim for this Court to have subject matter jurisdiction over Count II under Section 1367.

### Whether Count II States a Claim [3]

■ The defendants next argue that Count II of the amended complaint fails to state a claim upon which relief may be granted. To survive a motion to dismiss, a complaint must allege sufficient facts to outline a cause of action. *Davis v. Frapolly,* 747 F.Supp. 451, 452 (N.D.Ill.1989). The court must accept as true all facts alleged in the complaint as well as reasonable inferences based on those facts. *Bane v. Ferguson,* 890 F.2d 11 (7th Cir.1989). The court need not, however, accept conclusory legal allegations as true. *Coronet v. Seyfarth,* 665 F.Supp. 661, 665 (N.D.Ill.1987). A defendant's motion to dismiss may be granted only if it is indisputably clear that a plaintiff is not entitled to relief based on the allegations in the plaintiff's complaint. *See Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). To survive a motion to dismiss therefore, a complaint must at least

---

3. For the purpose of determining whether Count II states a claim, I am assuming that federal subject matter jurisdiction exists over this count as asserted against Ms. Johnson.

allege facts which, if true, would make out the elements of a prima facie case.

Count II is a pendent state claim governed by Illinois law. Although Ms. Banks alleges that she had an employment contract with the Board, she does not claim that this contract was for a specific duration. Therefore, I may presume that Ms. Banks' employment was not for a fixed time period and was, therefore, terminable-at-will. *Ring v. R.J. Reynolds Industries, Inc.*, 597 F.Supp. 1277, 1280 (N.D.Ill.1984). An employer may discharge an employee-at-will for any reason or for no reason at all. *Hartlein v. Illinois Power Company*, 151 Ill.2d 142, 601 N.E.2d 720, 728, 176 Ill.Dec. 22, 30 (1992). Illinois does not permit a terminated employee-at-will to sue his employer generally for wrongful discharge; however, such an employee may bring an action for retaliatory discharge. *Id.* at 30, 601 N.E.2d at 728; *Fellhauer v. City of Geneva*, 142 Ill.2d 495, 568 N.E.2d 870, 875, 876, 154 Ill.Dec. 649, 654, 655 (1991). It is this Court's duty to determine whether the Illinois Supreme Court would recognize a retaliatory discharge cause of action based on the facts Ms. Banks sets forth in the amended complaint. *Prince v. Rescorp Realty*, 940 F.2d 1104, 1107 (7th Cir.1991). In making this assessment, I will take into account that Illinois courts have narrowly construed the tort and restricted its expansion. *Id.*

An employee must demonstrate two elements to prove retaliatory discharge: (1) that the employee was discharged in retaliation for the employee's activities; and (2) that the discharge is in contravention of a clearly mandated public policy. *Id.* To successfully plead the first element, a plaintiff must allege a causal relationship between her activities and the discharge. *Hinthorn v. Roland's of Bloomington*, 119 Ill.2d 526, 519 N.E.2d 909, 912, 116 Ill.Dec. 694, 697 (1988). She is not required to use any particular language so long as a fair reading of the amended complaint informs the defendants of "the activity which plaintiff claims she was discharged in retaliation for...." *Id.*

In Count II, by reference to Count I, Ms. Banks alleges that Mr. Feaman made sexual offers to her, including inviting her to lunch and putting his arms around her, she refused these advances and subsequently, her employment was terminated. Following these allegations, the amended complaint mentions retaliation:

> Defendants have intentionally inflicted the aforesaid acts of sexual harassment and retaliation on Plaintiff with malice, and without any legal, economic, business or social justification or excuse, and have done so for the sole purpose of causing her emotional distress and anguish and ultimately trying to induce her to submit to unwanted social invitations.

Amended Complaint Count I, ¶ 8. The amended complaint certainly could have been more detailed, but "it inform[s] the defendant of the crux of the claim and thus is sufficient [to allege causation]." *Hinthorn v. Roland's of Bloomington, supra*, 116 Ill.Dec. at 697, 519 N.E.2d at 912 (citation omitted). Thus, the amended complaint, read liberally as I am required to do on a motion to dismiss, adequately alleges that Ms. Banks was discharged in retaliation for refusing Mr. Feaman's invitations.

Count II nonetheless founders because it cannot successfully allege the second element of the tort, which requires a showing that the discharge contravened a clearly mandated public policy. It is true that exactly what constitutes clearly mandated public policy in the retaliatory discharge context is frequently litigated. *See Fellhauer v. City of Geneva, supra*, 154 Ill.Dec. at 654–56, 568 N.E.2d at 875–77; *Price v. Carmack Datsun, Inc.*, 109 Ill.2d 65, 485 N.E.2d 359, 360–61, 92 Ill.Dec. 548, 549–50 (1985). However, Illinois courts have found "clearly mandated public policy" to be implicated only in two types of cases: those involving employees who are injured and then discharged either for filing claims under the Workers' Compensation Act or in anticipation of such claims and employees discharged for reporting illegal conduct (or, "whistle-blowers").[4] *Mitchell v. Deal*, 241 Ill.App.3d

---

4. *Lambert v. City of Lake Forest*, 186 Ill.App.3d 937, 542 N.E.2d 1216, 1220, 134 Ill.Dec. 709,

713 (2nd Dist.1989), notes that the single exception was *Wheeler v. Caterpillar Tractor Co.*, 108

331, 609 N.E.2d 378, 379, 182 Ill.Dec. 75, 76 (3rd Dist.1993); *Lambert v. City of Lake Forest, supra,* 134 Ill.Dec. at 712–13, 542 N.E.2d at 1219–20. As a result, only plaintiffs bringing cases involving these two issues have been permitted to claim retaliatory discharge. *Id.*

> When asked to further expand the scope of the tort action beyond Worker's Compensation and 'whistle-blower' related discharges, ... our supreme court has drawn the line and denied plaintiffs' retaliatory discharge causes of action.

*Mitchell v. Deal, supra,* 182 Ill.Dec. at 76, 609 N.E.2d at 379. A federal court applying Illinois retaliatory discharge doctrine "shall not circumvent the state decisions by expanding the cause of action." *Prince v. Rescorp Realty, supra,* 940 F.2d at 1107. Accordingly, Count II of the amended complaint fails to state a claim upon which relief can be granted and therefore must be dismissed.[5]

### *Whether Ms. Banks Properly Sued Ms. Johnson*

The defendants seem to further argue that Ms. Johnson should be dismissed not only from Count II but from the entire action because she was not named in the charge that Ms. Banks filed with the E.E.O.C. Count I alleging violation of Title VII does not mention Ms. Johnson but conceivably could be asserted against her since it uses the term "defendants." Accordingly, I must determine whether Ms. Johnson is a proper party to Count I.

Generally, Title VII claims may only be brought against parties named as respondents in an E.E.O.C. charge. *Bright v. Roadway Services, Inc.,* 846 F.Supp. 693, 696 (N.D.Ill.1994). An exception is recognized where an action is brought against a defendant who, although unnamed in the E.E.O.C. charge, had notice that he or she specifically was subject to suit based on the allegations in the E.E.O.C. charge. *Id.* at 697. There is no indication in the amended complaint that Ms. Johnson had any such notice. Moreover, the E.E.O.C. charge alleges facts relating only to Mr. Feaman's conduct toward Ms. Banks, and therefore, I cannot infer that Ms. Johnson had notice that she was subject to suit based on that charge. Consequently, Ms. Johnson is not a proper party to Count I.

### *Conclusion*

For the foregoing reasons, the defendants' motion is granted: Count II of the amended complaint and Geraldine Johnson are dismissed from the present action.

---

Ill.2d 502, 485 N.E.2d 372, 374, 92 Ill.Dec. 561, 563 (1985), which involved an employee who was terminated after refusing to operate a piece of machinery that utilized radioactive material and could have caused him injury. The court held that the discharge violated the public policy protecting the lives and property of citizens from the hazards of radioactive material, as embodied in the federal Atomic Energy Act of 1954. *Id.* at 566, 485 N.E.2d at 377. The present case does not involve similar concerns.

5. This opinion only holds that Ms. Banks has not stated a claim for retaliatory discharge *under Illinois law* in Count II and does not address whether Ms. Banks has sufficiently pled retaliatory discharge *under federal law* in Count I.