Toni VANCE, Plaintiff,

v.

DISPATCH MANAGEMENT SERVICE D/B/A Deadline Express, Defendant.

No. 99 C 6631.

United States District Court, N.D. Illinois, Eastern Division.

Feb. 3, 2000.

Jeffrey M. Jacobson, Law Office of Jeffrey M. Jacobson, Chicago, IL, for Plaintiff.

Michael T. Roumell, Epstein, Becker & Green, Chicago, IL, for Defendant.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Toni Vance, a citizen of Illinois, had a personal relationship with Scott Milokavich, a co-worker and supervisor at Dispatch Management Service ("Dispatch"), a Delaware corporation with its principal place of business in New York. They bought a house together in 1998, but things went bad and she moved out. After that, she suffered from a good deal of abuse from him at work. She complained to management, which referred her to Human Resources. On February 16, 1999, she says he shoved her into her chair and against the wall so hard she required medical attention. On February 23, she had an emergency protective order entered against Milokavich in Illinois circuit court. She was fired on March 13, 1999, on the stated grounds that she was absent from the office.

Vance sued Dispatch in Illinois state court for retaliatory discharge on the grounds that she lost her job because she filed: (1) for an emergency protective or-

der against Milokavich when he allegedly injured her (Count I), and (2) for workman's compensation claims in connection with those injuries (Count II). Dispatch removed to federal court, invoking 28 U.S.C. §§ 1332 and 1441 (diversity and removal), and moves to dismiss Ms. Vance's Count I and to strike the paragraphs from her complaint that pertain to this count. I deny the motions to dismiss and to strike.

In a diversity case I apply state substantive law, here that of Illinois, and federal procedural law. *Lexington Ins. Co. v. Rugg & Knopp*, 165 F.3d 1087, 1090 (7th Cir.1999). On a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6) I take as true all of Ms. Vance's wellpleaded factual allegations and draw all reasonable inferences in her favor. *Ogden Martin Sys. of Indianapolis, Inc. v. Whiting Corp.*, 179 F.3d 523, 526 (7th Cir. 1999). I grant the motion only if it appears beyond doubt that she can prove no set of facts in support of her claim that would entitle her to relief. *Id. (quoting Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). The issue is not whether a plaintiff will ultimately prevail but whether she is entitled to offer evidence to support the claims. It may appear on the face of the pleadings that a recovery is very remote and unlikely, but that is not the test. *Sapperstein v. Hager*, 188 F.3d 852, 855 (7th Cir.1999).

■ In Illinois, retaliatory discharge is an exception to the general rule that an "at-will" employment is terminable at any time for any or no cause. *Palmateer v. International Harvester Co.*, 85 Ill.2d 124, 52 Ill.Dec. 13, 421 N.E.2d 876, 877 (1981). To establish a valid claim for retaliatory discharge, an employee must show that she was: (1) discharged; (2) in retaliation for her activities; and (3) that the discharge violated a clear mandate of public policy. *Hartlein v. Illinois Power Co.*, 151 Ill.2d 142, 176 Ill.Dec. 22, 601 N.E.2d 720, 728 (1992).

■ Illinois courts provide no clear-cut definition of public policy. "In general, it can be said that public policy concerns what is right and just and what affects the citizens of the State collectively." *Palmateer*, 52 Ill.Dec. 13, 421 N.E.2d at 878. However, for recovery in retaliatory discharge, the policy identified in the complaint must either "strike at the heart of a citizen's social rights, duties, and responsibilities before the tort will be allowed," *id.*, or involve the protection of each citizen's health and safety. *Wheeler v. Caterpillar Co.*, 108 Ill.2d 502, 92 Ill.Dec. 561, 485 N.E.2d 372, 377 (1985). Illinois courts have consistently held that policies affecting the health and safety of citizens will support a retaliatory discharge claim. *Leweling v. Schnadig Corp.*, 276 Ill.App.3d 890, 212 Ill.Dec. 762, 657 N.E.2d 1107, 1109–10 (1995).

■ Here, Ms. Vance alleges that she was discharged because she filed a protective order against an abusive coworker in response to physical and other harm inflicted on her in the workplace. The exercise of one's rights to seek the protection of the courts in the face of physical threats from one's current or former domestic partners would appear to involve the protection of each citizen's health and welfare. If Dispatch fired Ms. Vance because she filed for the protective order, this action plausibly struck at the heart of a citizen's rights. Illinois has a policy of allowing citizens subject to abuse by even ex-domestic partners to obtain protective orders. That health and safety policy would be clearly violated if a citizen were fired because she had done this.

Citing my statement in an earlier case that "Illinois courts have narrowly construed the tort and restricted its expansion," *Banks v. Chicago Bd. of Ed.*, 895 F.Supp. 206, 209 (N.D.Ill.1995), Dispatch argues that the Illinois retaliatory discharge law is largely limited to cases involving reporting of crime or improper conduct or filing worker's compensation claims. This case is "analogous to *Palma-*

*teer* and the line of cases following it which hold that it is a violation of public policy to discharge an employee for reporting illegal or improper conduct." *Howard v. Zack Co.*, 264 Ill.App.3d 1012, 202 Ill.Dec. 447, 637 N.E.2d 1183, 1190 (1994). In *Palmateer*, the Illinois Supreme Court expanded retaliatory discharge to include a plaintiff fired for reporting the criminal activity of a coworker. 52 Ill.Dec. 13, 421 N.E.2d at 879.

Ms. Vance reported Milokavich's criminal activity (battery) to the authorities when she asked for the protective order. It does not matter that she did not accuse Dispatch of such activity, that it was not the target of the protective order, or that she reported the crime to the courts rather than to the police. Firing her for filing for the order would be firing her for reporting a co-worker's criminal or improper conduct. That would violate Illinois public policy as determined by the Illinois Supreme Court.

I therefore DENY Dispatch's motions to dismiss Ms. Vance's Count I and to strike the pertinent claims in her complaint.