PINCHAS EISENBACH, Plaintiff-Appellant, v. MORRIS ESFORMES *et al.*, Defendants-Appellees.

Second District   No. 2—91—0077

Opinion filed November 6, 1991.—Rehearing denied December 20, 1991.

Albert Koretzky, of Chicago, for appellant.

Kenneth Jenero and Jerry Kronenberg, both of McBride, Baker & Coles, of Chicago, for appellees.

JUSTICE UNVERZAGT delivered the opinion of the court:

Plaintiff appeals from the trial court's dismissal of his two-count complaint. We affirm.

On April 4, 1990, plaintiff was discharged from his job as a building and maintenance supervisor by defendant Lake Park Center. The termination letter stated that the reason for plaintiff's termination was plaintiff's "institution of and failure amicably to resolve a per-

sonal lawsuit against various owners and operators of Lake Park Center and its management company." On April 26, 1990, plaintiff filed a two-count complaint in the circuit court of Lake County, alleging retaliatory discharge in count I and intentional interference with prospective economic advantage in count II. Defendants filed a motion to dismiss for failure to state a cause of action pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—615). The trial court granted defendants' motion and dismissed plaintiff's complaint with prejudice. This appeal followed.

Plaintiff first contends that count I of his complaint alleged sufficient facts to plead a cause of action sounding in retaliatory discharge. When reviewing the dismissal of a complaint for failure to state a cause of action, all well-pleaded facts and inferences are accepted as true. (*Fellhauer v. City of Geneva* (1991), 142 Ill. 2d 495, 499.) The granting of a motion to dismiss is within the trial court's sound discretion and will not be reversed unless that discretion is abused. (*Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 422.) Plaintiff alleges that certain defendants, doing business as Lake Park Center, and E.K.S. Management, Inc., hired him as a building and maintenance supervisor in 1988. Plaintiff and his wife are limited partners in Northshore Terrace, a limited partnership in which defendant Morris Esformes is a general partner; Esformes also has control over the management and operations of Lake Park Center on behalf of the remaining defendants doing business under that name. In January 1990, plaintiff and his wife filed a complaint in the circuit court of Cook County against Northshore Terrace, Esformes, and others, alleging violations of fiduciary duty regarding the Northshore Terrace partnership. On April 4, 1990, plaintiff and his wife filed an amended complaint. That same day, plaintiff was discharged by Lake Park Center; the letter of discharge stated that discharge was due to plaintiff's "institution of and failure amicably to resolve a personal lawsuit against various owners and operators of Lake Park Center and its management company." Plaintiff alleged that his discharge was used to punish him and his wife for exercising their constitutional rights and was "in violation of clearly mandated public policies under the Illinois Constitution and judicial decisions and was intended to obstruct justice."

In Illinois, the common-law principle that an employer may fire an employee at will for any reason or no reason still applies. (*Lambert v. City of Lake Forest* (1989), 186 Ill. App. 3d 937, 941.) The tort of retaliatory discharge is a narrow and limited cause of action recognized by the supreme court as an exception to the general

common-law principle. (*Fellhauer*, 142 Ill. 2d at 505; *Lambert*, 186 Ill. App. 3d at 941.) To establish a cause of action in retaliatory discharge, the plaintiff must show that he was discharged in retaliation for his activities and that the discharge was in contravention of a clearly mandated public policy. *Fellhauer*, 142 Ill. 2d at 505.

Plaintiff has clearly alleged that he was discharged in retaliation for his activities; the letter of termination states that termination was based on plaintiff's lawsuit against the various defendants involving the limited partnership. However, plaintiff has failed to plead adequately that his discharge was in contravention of a clearly mandated public policy. The mere citation of a constitutional or statutory provision in a complaint is insufficient to state a cause of action in retaliatory discharge; the complaint must demonstrate that the public policy mandated by the cited provision is violated by the discharge. (*Fellhauer*, 142 Ill. 2d at 505.) Here, plaintiff's complaint alleges that plaintiff's discharge "was in violation of clearly mandated public policies under the Illinois Constitution and judicial decisions and was intended to obstruct justice." The complaint also alleges that plaintiff was discharged "to punish him and his wife for exercising their constitutional rights to due process of law and to a certain remedy for injuries received as well as their right to enforce fiduciary obligations and to compel MORRIS ESFORMES and others to account for misappropriated trust funds." Clearly, neither of these allegations sets forth any specific public policy, let alone any violation of such a policy. Plaintiff argues on appeal that the lawsuit which led to his termination was a limited partners' derivative action brought on behalf of Northshore Terrace and that there is a clearly mandated public policy in favor of representative or class actions brought in the public's interest. We will not consider this argument, as it is made only on appeal and never even mentioned in the complaint. No new theory or issue can be asserted for the first time on appeal. (*Hulse v. Kirk* (1975), 28 Ill. App. 3d 839, 846.) On appeal from the dismissal of a complaint, a plaintiff may only argue or rely upon allegations made in the complaint. (*Fried v. Polk Brothers, Inc.* (1989), 190 Ill. App. 3d 871, 881.) The alleged public policy favoring derivative actions is never mentioned in the complaint. The trial court must base its decision only on facts alleged in the complaint; this court can only review the trial court's decision based on those same allegations.

Furthermore, the facts, as alleged, do not fit into the limited circumstances in which retaliatory discharge cases have been allowed. Illinois courts have allowed retaliatory discharge cases, with one exception, in only two settings: first, when an employee is discharged for

filing a claim under the Workers' Compensation Act (Ill. Rev. Stat. 1989, ch. 48, par. 138.1 *et seq.*) (the exception being that a cause of action has also been recognized when the employee is injured and is discharged in anticipation of a workers' compensation claim); and second, when an employee is discharged for reporting illegal or improper conduct ("whistle blowing"). (See *Lambert*, 186 Ill. App. 3d at 941-42.) Plaintiff's complaint does not allege facts which fit into these scenarios, and this court will not expand the limited nature of this tort to encompass a new set of circumstances. We, therefore, conclude that count I of the complaint failed to state a cause of action in retaliatory discharge and the order dismissing it was not an abuse of discretion.

■■ ■ Plaintiff next contends that count II of his complaint stated a cause of action in interference with prospective economic advantage. To prevail on such a claim, a plaintiff must prove: (1) a reasonable expectation of entering into a valid business relationship; (2) defendant's knowledge of the plaintiff's expectancy; (3) defendant's purposeful interference to defeat the expectancy; and (4) damages resulting from the interference. (*Fellhauer*, 142 Ill. 2d at 511.) In addition, it has been long held that the defendant's interference must be between the plaintiff and a third party. (See *Downers Grove Volkswagen, Inc. v. Wigglesworth Imports, Inc.* (1989), 190 Ill. App. 3d 524, 529; *Galinski v. Kessler* (1985), 134 Ill. App. 3d 602, 607-08; *Parkway Bank & Trust Co. v. City of Darien* (1976), 43 Ill. App. 3d 400, 402-03.) Without even considering the other elements, we can see that plaintiff has failed to allege any interference by Morris Esformes between plaintiff and any third party. Plaintiff alleges in paragraph 1 of count II that he was hired by "[t]he defendants doing business as LAKE PARK CENTER (hereafter 'LAKE PARK CENTER'), and E.K.S. MANAGEMENT, INC., a corporation." Among those defendants is Morris Esformes. Plaintiff then alleges that Esformes, who "has control over the management and operations of LAKE PARK CENTER" on behalf of the defendants doing business under that name, "intentionally interfered with plaintiff's prospective economic advantage by directing the LAKE PARK CENTER and E.K.S. MANAGEMENT, INC., to discharge the plaintiff to deprive him of continued employment." Plaintiff has thus alleged that Esformes, who has control over the operations of one of the businesses that hired plaintiff, interfered with plaintiff's anticipated further employment by that business. In essence, plaintiff argues that Esformes tortiously interfered with his own business relationship with plaintiff. Such an argument is "both logically and legally untenable." (*Williams v. Weaver* (1986), 145 Ill. App. 3d 562, 570.) Plaintiff contends that nothing in

count II shows that Esformes could not be considered to be a separate entity from E.K.S. and the other defendants. We disagree. Paragraph 1 alleges that all defendants, including Esformes, hired plaintiff to work for them. All defendants are thus categorized as plaintiff's employers, and all have the same business relationship with plaintiff. In considering a motion to dismiss, the pleadings are to be construed most strictly against the pleader. (*Knox College*, 88 Ill. 2d at 421.) Thus, we conclude that Esformes did not interfere with plaintiff's business relationship with any third party. Count II then does not adequately state a cause of action in interference with prospective economic advantage, and the trial court properly dismissed count II.

For these reasons, the order of the circuit court of Lake County dismissing plaintiff's complaint is affirmed.

Affirmed.

DUNN and McLAREN, JJ., concur.