JOSEPH S. PASKARNIS, JR., Plaintiff-Appellant, v. DARIEN-WOODRIDGE FIRE PROTECTION DISTRICT et al., Defendants-Appellees.

Second District   No. 2—92—1120

Opinion filed November 5, 1993.

Stanley H. Jakala, of Berwyn, for appellant.

Justin J. Tedrowe, of Woodridge, for appellees.

JUSTICE QUETSCH delivered the opinion of the court:

The plaintiff, Joseph Paskarnis, Jr., was discharged from his job as fire chief of the Darien-Woodridge Fire Protection District (defendant). The plaintiff filed a two-count second amended complaint in the circuit court of Du Page County, alleging the tort of retaliatory discharge in count II. The defendants filed a motion to dismiss count II for failure to state a cause of action pursuant to section 2—615 of the Code of Civil Procedure. (735 ILCS 5/2—615

(West 1992).) The trial court granted defendants' motion and dismissed count II of the plaintiff's second amended complaint with prejudice. This appeal followed. For the reasons that follow, we reverse.

The plaintiff alleged in count II of his second amended complaint that he was hired as fire chief of the Darien-Woodridge Fire Protection District on October 13, 1986. On September 14, 1990, he approved 12-hour shifts, commencing from 6 p.m. and concluding at 6 a.m., for full-time and part-time fire fighters. On November 7, 1990, defendant Don Boland, the trustee for the Darien-Woodridge Fire Protection District, appointed a part-time fire fighter to schedule the part-timers for work. He scheduled two shifts for the part-time fire fighters, one from 6 p.m. to 10 p.m., and the next shift from 10 p.m. to 6 a.m. The changing of the shifts resulted in no training for part-time fire fighters, and the plaintiff spoke out against their resulting lack of preparedness. On November 7, 1990, and February 15, 1991, the defendants provided the plaintiff with a list of 12 "deficiencies." On March 13, 1991, the plaintiff was fired from his job as fire chief. The plaintiff complains that he was discharged for speaking out against the lack of preparedness of the part-time fire fighters.

The plaintiff contends that count II of his second amended complaint alleged sufficient facts to plead a cause of action sounding in retaliatory discharge. When reviewing the dismissal of a complaint for failure to state a cause of action, all well-pleaded facts and inferences drawn therefrom are accepted as true. (*Eisenbach v. Esformes* (1991), 221 Ill. App. 3d 440.) A reviewing court should interpret the facts alleged in the complaint in the light most favorable to the plaintiff. (*Wysocki v. Bedrosian* (1984), 124 Ill. App. 3d 158, 162.) A complaint should not be dismissed unless it clearly appears that no set of facts could be proved under the pleadings which would entitle the pleader to relief. (*People v. Sequoia Books, Inc.* (1986), 149 Ill. App. 3d 383, 386.) Pleadings are to be liberally construed with a view to doing substantial justice between the parties. 735 ILCS 5/2—603 (West 1992).

■■ The tort of retaliatory discharge is a limited and narrow cause of action recognized as an exception to the general rule that an "at-will" employee is terminable at any time for any reason or no reason. (*Fellhauer v. City of Geneva* (1991), 142 Ill. 2d 495, 505.) To establish a cause of action in retaliatory discharge, the plaintiff must show that he was discharged in retaliation for his activities and that the discharge was in contravention of a clearly mandated

public policy. (*Fellhauer*, 142 Ill. 2d at 505.) A clearly mandated public policy "concerns what is right and just and what affects the citizens of the State collectively. It is to be found in the State's constitution and statutes and, when they are silent, in its judicial decisions. [Citation.] Although there is no precise line of demarcation dividing matters that are the subject of public policies from matters purely personal, *** a matter must strike at the heart of a citizen's social rights, duties, and responsibilities before the tort will be allowed." *Palmateer v. International Harvester Co.* (1981), 85 Ill. 2d 124, 130.

In Illinois, retaliatory discharge actions have been allowed in two settings: (1) when an employee is discharged for filing a claim under the Workers' Compensation Act (820 ILCS 305/1 *et seq.* (West 1992)); and (2) when an employee is discharged for reporting illegal or improper conduct. (*Layne v. Builders Plumbing Supply Co.* (1991), 210 Ill. App. 3d 966, 974.) The only other situation recognized by an Illinois court as giving rise to a claim of retaliatory discharge is when an employee was discharged after refusing to work with a radioactive machine while its operation was being conducted in violation of regulations promulgated by the Nuclear Regulatory Commission and published in the Federal Register. *Wheeler v. Caterpillar Tractor Co.* (1985), 108 Ill. 2d 502.

In this case, the plaintiff alleged in count II of his second amended complaint that he was discharged in retaliation for speaking out against the defendants' improper conduct of not training part-time fire fighters. Section 1 of the Illinois Fire Protection Training Act provides:

> "It is declared as a matter of legislative determination that in order to promote and protect the health, safety and welfare of the public, it is necessary and in the public interest to provide for the encouraging and aiding of municipalities, counties and other local governmental agencies of this State in their efforts to raise the level of local fire protection by upgrading and maintaining a high level of training for fire protection personnel." 50 ILCS 740/1 (West 1992).

Thus, section 1 of the Illinois Fire Protection Training Act clearly establishes that the public policy of this State is to maintain a high level of training for its fire protection personnel. "Fire protection personnel" is defined as "any person engaged in fire administration, fire prevention, fire suppression, fire education and arson investigation, including any permanently employed, trainee or volunteer fire fighter, whether or not such person, trainee or volunteer

is compensated for all or any fraction of his time." 50 ILCS 740/2(e) (West 1992).

■■ The discharge of the plaintiff for speaking out against the lack of training of part-time fire fighters would contravene the clearly mandated public policy of upgrading and maintaining a high level of training for fire protection personnel. Thus, count II of the plaintiff's second amended complaint alleges facts which, if proven, would entitle him to relief for the tort of retaliatory discharge. The trial court therefore erred in granting the defendants' section 2—615 motion to dismiss count II of the plaintiff's second amended complaint with prejudice.

We recognize that our supreme court has not strongly supported the expansion of the tort. (*Barr v. Kelso-Burnett Co.* (1985), 106 Ill. 2d 520, 525.) However, our holding is consistent with other cases in which an employee has been discharged for reporting illegal or improper conduct. See *Shores v. Senior Manor Nursing Center, Inc.* (1988), 164 Ill. App. 3d 503 (cause of action allowed when employee/nurse's assistant was discharged after reporting to administrator that the full-time nurse, a licensed practical nurse, was not performing her duties properly); *Witt v. Forest Hospital, Inc.* (1983), 115 Ill. App. 3d 481 (cause of action allowed when employee/nurse was discharged for providing information to the Guardianship and Advocacy Commission about patient care at the employer/hospital).

Although count II of the plaintiff's second amended complaint is not as artfully drawn as it might have been, and contains surplusage which we disregard, it does state a cause of action for retaliatory discharge.

For the foregoing reasons, the trial court's order dismissing with prejudice count II of the plaintiff's second amended complaint for failure to state a cause of action is reversed, and the cause is remanded.

Reversed and remanded.

INGLIS, P.J., and GEIGER, J., concur.