623 N.E.2d 386 (1993)
251 Ill. App.3d 675
191 Ill.Dec. 141
William SELOF, Plaintiff-Appellant,
v.
ISLAND FOODS, INC., Defendant-Appellee.
No. 2-92-1177.
Appellate Court of Illinois, Second District.
November 5, 1993.
Cowlin, Ungvarsky, Curran & Coppedge, Michael E. Coppedge, Cowlin, Ungvarsky, Curran & Coppedge, Crystal Lake, for William Selof.
Pitler & Mandell, Chicago, Philip L. Mandell, Sigi M. Offenbach, Pitler and Mandell, for Island Foods, Inc.
Justice DOYLE delivered the opinion of the court:
On February 20, 1992, plaintiff, William Selof, filed a complaint, sounding in retaliatory discharge, against defendant, Island Foods, Inc. The brief complaint alleged that, prior to December 15, 1991, plaintiff was employed by defendant. On November 15, 1991, plaintiff was admitted to a hospital for alcohol treatment and rehabilitation, and he notified defendant of his hospitalization on November 16. Plaintiff stated that he was informed that defendant "supported him one-hundred percent." However, on December 7, 1991, defendant discharged plaintiff from employment. The complaint concludes that the discharge was "for no cause other than the fact that he was hospitalized and seeking treatment for alcohol rehabilitation."
Relying on sections 1-102 and 8-103 of the Illinois Alcoholism and Other Drug Dependency Act (Act) (20 ILCS 305/1-102, 8-103 (West 1992)) directed principally at the need to provide coordinated programs for the prevention, intervention and treatment for alcohol and drug abuse or addiction in this State, plaintiff further alleged that his discharge by defendant was a wilful and wanton violation of a clear and compelling mandate of public policy of the State of Illinois and that he was damaged thereby. The trial court granted defendant's motion to dismiss the complaint pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 1992)) and granted plaintiff 28 days to file an amended complaint. Plaintiff elected to stand on his complaint, and the court dismissed the cause with prejudice on August 13, 1992. Plaintiff maintains on appeal that it was error for the trial court to dismiss his complaint because, in his view, it sufficiently *387 states a cause of action for retaliatory discharge.
The tort of retaliatory discharge was first recognized by our supreme court in Kelsay v. Motorola, Inc. (1978), 74 Ill.2d 172, 23 Ill.Dec. 559, 384 N.E.2d 353, as an exception to the general rule that "at-will" employment is terminable at any time for any or no cause. (See Palmateer v. International Harvester Co. (1981), 85 Ill.2d 124, 128, 52 Ill.Dec. 13, 421 N.E.2d 876.) The Kelsay court found it necessary to establish this cause of action where a worker exercised her statutory right to file a worker's compensation claim and the employer discharged her contrary to the express public policy of the workers' compensation law then in effect which protected employees by affording them prompt compensation for their injuries. (See Ill.Rev. Stat.1973, ch. 48, § 138.1 et seq. (now codified, as amended, at 20 ILCS 305/1 et seq. (West 1992)); Kelsay, 74 Ill.2d at 180-81, 23 Ill.Dec. 559, 384 N.E.2d 353.) The court reasoned that the statutory scheme would be seriously undermined if the employers were permitted to abuse their power to terminate by threatening to discharge employees seeking compensation for covered injuries. Kelsay, 74 Ill.2d at 182, 23 Ill. Dec. 559, 384 N.E.2d 353.
The supreme court recognized this tort where it appeared that there was no other suitable remedy available to the employee (Kelsay, 74 Ill.2d at 182, 23 Ill.Dec. 559, 384 N.E.2d 353) and where the employee was discharged from employment in "`contravention of a clearly mandated public policy.'" (Wheeler v. Caterpillar Tractor Co. (1985), 108 Ill.2d 502, 516, 92 Ill.Dec. 561, 485 N.E.2d 372 (Moran, J., dissenting), quoting Palmateer, 85 Ill.2d at 134, 52 Ill.Dec. 13, 421 N.E.2d 876; cf. Balla v. Gambro, Inc. (1991), 145 Ill.2d 492, 498, 501, 164 Ill.Dec. 892, 584 N.E.2d 104 (tort of retaliatory discharge is limited and narrow exception to general rule of at-will employment, and public policy of protecting lives and property was otherwise adequately safeguarded without extending tort to in-house counsel who threatened to report perceived violations of safety regulations).) In determining whether a plaintiff has stated a cause of action for retaliatory discharge based on a violation of clearly mandated public policy, this court must take into account that the tort has thus far been narrowly circumscribed. See Barr v. Kelso-Burnett Co. (1985), 106 Ill.2d 520, 525, 88 Ill.Dec. 628, 478 N.E.2d 1354.
To establish a prima facie case of retaliatory discharge, a plaintiff must show that (1) he exercised a statutory or constitutional right; (2) he was discharged in retaliation for his activity; and (3) the defendant's conduct was motivated by unlawful considerations, that is, the discharge was in contravention of a clearly mandated public policy (Fellhauer v. City of Geneva (1991), 142 Ill.2d 495, 505, 154 Ill.Dec. 649, 568 N.E.2d 870). See Beckman v. Freeman United Coal Mining Co. (1988), 123 Ill.2d 281, 287, 122 Ill.Dec. 805, 527 N.E.2d 303; Eisenbach v. Esformes (1991), 221 Ill.App.3d 440, 443, 163 Ill.Dec. 930, 582 N.E.2d 196.
In Illinois, actions for retaliatory discharge have been allowed in two circumstances: (1) when an employee has been discharged for asserting a right to workers' compensation; and (2) when an employee has been discharged for reporting illegal or improper conduct ("whistle blowing" cases). (Layne v. Builders Plumbing Supply Co. (1991), 210 Ill.App.3d 966, 974, 155 Ill.Dec. 493, 569 N.E.2d 1104; see Eisenbach, 221 Ill.App.3d at 443-44, 163 Ill. Dec. 930, 582 N.E.2d 196.) In one other situation where the tort was recognized, the employee was discharged after refusing to work with an improperly functioning radioactive machine which would allegedly expose him to radiation hazards in violation of Federal safety regulations. Layne, 210 Ill.App.3d at 974, 155 Ill.Dec. 493, 569 N.E.2d 1104, discussing Wheeler v. Caterpillar Tractor Co. (1985), 108 Ill.2d 502, 92 Ill.Dec. 561, 485 N.E.2d 372.
In recognizing this tort, our supreme court has sought to achieve "`a proper balance * * * among the employer's interest in operating a business efficiently and profitably, the employee's interest in earning a livelihood, and society's interest *388 in seeing its public policies carried out.'" (Fellhauer, 142 Ill. 2d at 507, 154 Ill.Dec. 649, 568 N.E.2d 870, quoting Palmateer, 85 Ill.2d at 129, 52 Ill.Dec. 13, 421 N.E.2d 876.) The cause of action is allowed "where the public policy is clear, but is denied where it is equally clear that only private interests are at stake." (Palmateer, 85 Ill.2d at 131, 52 Ill.Dec. 13, 421 N.E.2d 876.) We observe too that the "mere citation of a constitutional or statutory provision in a complaint will not by itself be sufficient to state a cause of action for retaliatory discharge. Rather, a plaintiff must demonstrate that the public policy mandated by the cited provision is violated by his discharge." Fellhauer, 142 Ill.2d at 505, 154 Ill.Dec. 649, 568 N.E.2d 870.
Thus, for example, in Mein v. Masonite Corp. (1985), 109 Ill.2d 1, 92 Ill.Dec. 501, 485 N.E.2d 312, the supreme court refused to recognize a cause of action for retaliatory discharge where the plaintiff alleged age discrimination and the claim was cognizable under the Illinois Human Rights Act (Ill.Rev.Stat.1983, ch. 68, par. 1-101 et seq.). Similarly, the court denied such a cause of action where the employees claimed that their discharge violated their constitutional guarantee of free speech and where the provisions relied on by plaintiffs concerned only limitations on the powers of government but mandated nothing concerning the relationship of private individuals including private individuals in the employer-employee relationship. Barr v. Kelso-Burnett Co. (1985), 106 Ill.2d 520, 88 Ill. Dec. 628, 478 N.E.2d 1354 (the court also found the complaint defective in that it did not allege that plaintiffs were discharged in retaliation for their activities).
In the present case, in urging that defendant has violated a clearly mandated public policy, plaintiff relies on sections 1-102 and 8-103 of the Illinois Alcoholism and Other Drug Dependency Act (20 ILCS 305/1-102, 8-103 (West 1992)). In section 1-102, the legislature has declared:
"The human suffering and social and economic loss caused by the illness of alcoholism, addiction to controlled substances * * * and the abuse and misuse of alcohol and other drugs are public health problems of grave concern to the people of the State of Illinois. It is imperative that a comprehensive and coordinated strategy be developed through the leadership of a State agency, and implemented through the facilities of Federal and local government and private agencies, to the end that persons and their spouses and children, if any, who abuse or misuse alcohol or other drugs be restored to good health and become productive citizens in the community. The human, social, and economic benefits of preventing alcohol and other drug abuse and dependence are great, and it is imperative that there be interagency cooperation in the planning and delivery of alcohol and other drug abuse prevention, intervention, and treatment efforts in Illinois.
The provisions of this Act shall be liberally construed to enable the Department to carry out these objectives and purposes." 20 ILCS 305/1-102 (West 1992).
Regarding the specific rights of clients and residents of any treatment program, section 8-103 states:
"No client or resident of any treatment program shall be deprived of any rights, benefits or privileges guaranteed by law solely on account of his status as a client or resident of a program." (Emphasis added.) 20 ILCS 305/8-103 (West 1992).
A perusal of the Act (20 ILCS 305/1-101 et seq. (West 1992)) shows that it was intended to establish a Department of Alcoholism and Substance Abuse to carry out a coordinated program of prevention, intervention, and treatment of alcohol and drug abuse or addiction. Plaintiff points to no provision of the Act governing the conduct of the employer-employee relationship, and we are unable to conclude from the cited provisions that, even if defendant discharged plaintiff, it was in contravention of a clearly mandated public policy. The cited provisions appear to mandate nothing concerning the relationship of these private individuals even in the context of the employer-employee relationship. (See Barr, *389 106 Ill.2d at 528, 88 Ill.Dec. 628, 478 N.E.2d 1354.) Assuming that plaintiff was an at-will employee, there appears to be no deprivation of any right, benefit or privilege guaranteed by law. The circumstances of the case at bar do not appear to fit the pattern established by the workers' compensation cases, or the whistle blower or unsafe working condition cases. See Lambert v. City of Lake Forest (1989), 186 Ill.App.3d 937, 134 Ill.Dec. 709, 542 N.E.2d 1216 (and numerous cases cited therein).
Given the circumstances of this case, we cannot read into the cited provisions a requirement that the employer must permit an employee to enter a treatment program and maintain a position open until the employee successfully completes the program. Plaintiff's interest in obtaining treatment appears to be of a personal nature rather than one involving a clearly mandated public policy. (See Buechele v. St. Mary's Hospital Decatur (1987), 156 Ill.App.3d 637, 643, 109 Ill.Dec. 83, 509 N.E.2d 744 (right to file personal injury lawsuit was a purely personal right not involving clearly mandated public policy).) The nature of the interest at stake here is sufficiently "muddled" so that a cause of action for retaliatory discharge has not been stated. See Fellhauer, 142 Ill.2d at 522-23, 154 Ill.Dec. 649, 568 N.E.2d 870 (Freeman, J., specially concurring, joined by Clark & Heiple, JJ.).
Plaintiff has provided no binding or persuasive authority for this court to expand the tort to the factual circumstances of this case. The only case having analogous facts which we have found in which a recovering alcoholic urged expansion of the tort is Pierce v. Engle (D.Kan.1989), 726 F.Supp. 1231. There, in the absence of precedent, the Federal district court refused to expand the tort of retaliatory discharge under Kansas law even though the plaintiff, a recovering alcoholic, urged that his nonrenewal of employment as a school principal contravened the policy of the State of Kansas favoring the treatment of alcoholics. The Pierce court noted that the tort was limited to such cases as retaliation for filing workers' compensation cases.
It is possible that under qualifying circumstances a recovering alcoholic or substance abuser may conceivably have a statutory cause of action based on disability or handicap under State (see, e.g., Habinka v. Human Rights Comm'n (1989), 192 Ill. App.3d 343, 139 Ill.Dec. 317, 548 N.E.2d 702) or Federal anti-discrimination laws (see, e.g., Teahan v. Metro-North Commuter R.R. Co. (2d Cir.1991), 951 F.2d 511). However, plaintiff has not pursued such a theory, and we therefore express no opinion on whether he could have had a cause of action based on discriminatory discharge.
While it is unfortunate that persons who seek treatment for alcoholism or substance abuse may encounter hardships attendant to those circumstances, we cannot recognize a cause of action for retaliatory discharge under the facts and law presented in this case. We conclude that plaintiff has failed to state a cause of action for retaliatory discharge because he has not shown that the employer violated a clearly mandated public policy. The factual circumstances of this case do not fit the pattern of cases previously recognizing this tort. It is our view that the question of providing any new avenues of redress must be left to our supreme court or to the legislature. The trial court did not abuse its discretion in dismissing the cause with prejudice.
The judgment of the circuit court is affirmed.
Affirmed.
McLAREN and QUETSCH, JJ., concur.