ROGER SUMMERS, Plaintiff-Appellant, v. THE VILLAGE OF DURAND,
Defendant-Appellee.

Second District No. 2—94—0400

Opinion filed November 22, 1994.

Gordon C. Ring, of Loves Park, for appellant.

D. Kendall Griffith and Bruce L. Carmen, both of Hinshaw & Culbertson, of Chicago, for appellee.

JUSTICE QUETSCH delivered the opinion of the court:

The plaintiff, Roger Summers, filed a breach of contract action against the defendant, the Village of Durand, which had fired him from his position as chief of police. The plaintiff sought back pay and lost benefits in the total amount of $108,000. The defendant moved to dismiss the complaint, apparently pursuant to section 2—615 of the Code of Civil Procedure (735 ILCS 5/2—615 (West 1992)), arguing that the plaintiff had failed to state a cause of action for breach of contract and that the plaintiff's claim was barred by *laches*. The trial court dismissed the action. We reverse and remand.

We first note that the defendant failed to delineate the section of the Code of Civil Procedure under which its motion to dismiss was brought. This was improper motion practice in which the trial court should not have acquiesced. (See *Illinois Graphics Co. v. Nickum* (1994), 159 Ill. 2d 469, 484; *Premier Electrical Construction Co. v. La Salle National Bank* (1983), 115 Ill. App. 3d 638, 642 (meticulous practice dictates that an attorney specifically designate whether his motion to dismiss is brought pursuant to section 2—615 or section 2—619).) In *Eddings v. Dundee Township Highway Commissioner* (1985), 135 Ill. App. 3d 190, 200, we stated that "where prejudice results from such an improper motion practice, we will reverse

without addressing the merits of the motion as argued on appeal." However, in the present case, the plaintiff does not allege that he was prejudiced by the defendant's failure to designate specifically the section of the Code under which the motion was brought. In fact, the record indicates that both parties and the trial court treated the motion as a section 2—615 motion to dismiss. Under these circumstances, we shall not summarily reverse the trial court's order.

■ We proceed to address the merits of this appeal, beginning with whether the plaintiff stated a cause of action sufficient to withstand a section 2—615 motion to dismiss. A section 2—615 motion to dismiss attacks only the legal sufficiency of the complaint. (*Nickum*, 159 Ill. 2d at 484; *Tim Thompson, Inc. v. Village of Hinsdale* (1993), 247 Ill. App. 3d 863, 881.) Its purpose is not to raise affirmative factual defenses (as does a section 2—619 motion), but rather it alleges defects on the face of the complaint. (*Nickum*, 159 Ill. 2d at 484; *Evers v. Edward Hospital Association* (1993), 247 Ill. App. 3d 717, 724.) A complaint should not be dismissed under section 2—615 unless it clearly appears that no set of facts could be proved under the pleadings which would entitle the pleader to relief. (*Nickum*, 159 Ill. 2d at 488; *Paskarnis v. Darien-Woodridge Fire Protection District* (1993), 251 Ill. App. 3d 585, 586.) In making such a determination, the court should interpret the facts alleged in the complaint in the light most favorable to the plaintiff. *Paskarnis*, 251 Ill. App. 3d at 586.

The plaintiff alleged in his complaint that he was appointed to serve as the defendant's chief of police in 1980. The plaintiff's employment contract with the defendant, which was partly in writing and partly oral, controlled times of work, salary, vacation, sick days, duties of the office, health benefits, and pension programs. However, the contract did not specify a definite term of employment. On August 30, 1990, the defendant's board of trustees voted to terminate the plaintiff's employment.

The plaintiff alleged that the defendant had breached his employment contract by failing to comply with then section 3—11—1 of the Illinois Municipal Code which, during the plaintiff's tenure as police chief, stated in pertinent part:

> "[T]he [village president] may remove any officer appointed by him, under this Code, on any formal charge, whenever he is of the opinion that the interests of the [village] demand removal, but he shall report the reasons for the removal to the [board of trustees] at a meeting to be held not less than 5 nor more than 10 days after the removal. If the [president] fails or refuses to report to the [board] the reasons for the removal, or if the [board] by a two-

thirds vote of all its members authorized by law to be elected, disapproves of the removal, the officer thereupon shall be restored to the office from which he was removed." (65 ILCS 5/3—11—1 (West 1992) (repealed eff. May 13, 1993) (now codified, as amended, at 65 ILCS 5/3.1—35—10 (West Supp. 1993)).)

The plaintiff stated in his complaint that no formal charge was filed or reported to the defendant's board of trustees prior to the termination of his employment on August 30, 1990. We accept these well-pleaded facts as true when reviewing the dismissal of the plaintiff's complaint. *Paskarnis*, 251 Ill. App. 3d at 586.

The defendant concedes that section 3—11—1 of the Municipal Code afforded the plaintiff procedural protections in the event of his termination, but the defendant contends that the plaintiff should have brought an action for violation of procedural due process under 42 U.S.C. § 1983 (1988) (the two-year limitations period for which has expired). The defendant argues that the procedural protections afforded the plaintiff by the Municipal Code cannot be used as the basis for a breach of contract action. In support of this argument, the defendant cites the general rule that an employment relationship without a fixed term (such as the one it had with the plaintiff) is presumed to be terminable at the will of either party with or without cause and without incurring liability for breach of contract. See *Duldulao v. Saint Mary of Nazareth Hospital Center* (1987), 115 Ill. 2d 482, 489; *Mein v. Masonite Corp.* (1985), 109 Ill. 2d 1, 4.

■ However, since laws and statutes in existence at the time a contract is executed become implied terms of that contract as a matter of law (*Mitchell Buick & Oldsmobile Sales, Inc. v. McHenry Savings Bank* (1992), 235 Ill. App. 3d 978, 985), the presumption that an employment contract is terminable at will can be overcome by an applicable statutory provision that demonstrates a contrary intent. (*DeFosse v. Cherny Electrical Products Corp.* (1987), 156 Ill. App. 3d 1030, 1034.) In the present case, such a contrary intent was demonstrated by section 3—11—1 of the Municipal Code, which became part of the plaintiff's contract and provided that he could only be fired pursuant to a formal charge presented to the defendant's board of trustees. Since the plaintiff has pleaded that he was fired by the defendant's board of trustees prior to any formal charge being filed against him, the plaintiff's complaint stated a claim for breach of contract.

■ We next address the defendant's argument that the plaintiff's cause of action is barred by *laches. Laches* is an equitable doctrine which bars an action where, because of an unreasonable delay in bringing suit, a party has been misled or prejudiced or has taken a

course of action different from what he would otherwise have taken. (*Zink v. Maple Investment & Development Corp.* (1993), 247 Ill. App. 3d 1032, 1039.) Where *laches* is apparent from the face of the complaint, it is a proper subject for a section 2—615 motion to dismiss. (See *Senese v. Climatemp, Inc.* (1991), 222 Ill. App. 3d 302; *People ex rel. Casey v. Health & Hospitals Governing Comm'n* (1977), 69 Ill. 2d 108.) However, where the defense of *laches* is not apparent from the face of the complaint, the motion is properly made pursuant to section 2—619(a)(9) (735 ILCS 5/2—619(a)(9) (West 1992) (which provides as a ground for dismissal that a challenged claim is barred by affirmative matter avoiding the legal effect of or defeating the claim)) and must be supported by affidavit. See *Schons v. Monarch Insurance Co.* (1991), 214 Ill. App. 3d 601.

■ Courts have devised a rule to be used in applying the doctrine of *laches* to causes of action brought by discharged public sector employees seeking reinstatement and/or back pay. The rule is that a delay of longer than six months from the date of termination to the filing of suit is *per se* unreasonable and will justify dismissal on the ground of *laches* if: (a) the plaintiff can show no reasonable excuse for the delay; and (b) the employer would suffer prejudice by having to pay both a replacement worker's salary and a successful plaintiff's back wages during the period of delay. *Long v. Tazewell/Pekin Consolidated Communications Center* (1992), 236 Ill. App. 3d 967, 969-70.

■ In the present case, the plaintiff waited longer than six months before filing suit and he offered no explanation for the delay. However, there is no indication in the complaint that the defendant ever hired a replacement worker. Thus, *laches* is not apparent from the face of the complaint because there is no showing that the defendant would suffer prejudice by having to pay both a replacement worker's salary and the plaintiff's back wages. In order to raise properly the defense of *laches*, the defendant should have filed its motion under section 2—619(a)(9) and supported it with an affidavit swearing that a replacement worker had in fact been hired. Since the defendant did not file a section 2—619(a)(9) motion with such a supporting affidavit, it has failed to establish that the plaintiff's claim is barred by *laches*.

For the foregoing reasons, the order of the trial court is reversed, and the cause is remanded.

Reversed and remanded.

WOODWARD and PECCARELLI, JJ., concur.