Michael J. BAKALIS, Plaintiff,

v.

BOARD OF TRUSTEES OF COMMUNI-
TY COLLEGE DISTRICT NO. 504,
COUNTY OF COOK, STATE OF ILLI-
NOIS (TRITON COLLEGE); Ms. Jenni
Golembeski; Mr. Mark R. Stephens;
Mr. Merrill Becker; Mr. James Durkin,
Defendants.

No. 93 C 483.

United States District Court,
N.D. Illinois,
Eastern Division.

April 12, 1995.

Theodore A. Boundas, William P. Rector,
Marie Louise Appleby, and Alexis J. Rogo-
ski, Peterson & Ross, Chicago, IL, for plain-
tiff.

Gregory E. Rogus, Martin A. Dolan, Lori
Dianne Isaacs, Segal, McCambridge, Singer
& Mahoney, Ltd., and John B. Murphey and
Simone Marie Boutet, Rosenthal, Murphey,
Coblentz & Janega, Chicago, IL, for defen-
dants.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Defendants Board of Trustees of Commu-
nity College District No. 504 (Triton Col-
lege), Jenni Golembeski, Mark R. Stephens,
Merrill Becker and James Durkin have
moved to dismiss Count IV of plaintiff Mi-
chael J. Bakalis' amended complaint. That
count charges that the individual defendants,
who at the time of the events complained of,
constituted a majority of the Board of Trust-
ees of Triton College, unjustifiably interfered
with Dr. Bakalis' contract with the Board of
Trustees of Triton College. Dr. Bakalis was
president of Triton College prior to his ter-
mination by the named defendants.

 The issue before me with respect to
this claim for interference with contractual
relationship is whether defendants could
have interfered with Dr. Bakalis' contract
with any third party since they represented a
majority of the Board of Trustees, the gov-
erning body of the college with which Dr.
Bakalis had a contract. Defendants argue
that they were the ones who voted to termi-
nate Dr. Bakalis' contract and that there was
no third party involved. The tort of interfer-
ence with contract requires that plaintiff
have a valid contract with a third party who
breaches the contract following a defendant's
intentional and unjustifiable inducement of a
breach of contract. *E.g., Marc Development,
Inc. v. Wolin,* 845 F.Supp. 547, 554 (N.D.Ill.
1993). Defendants note two decisions, *Ei-
senbach v. Esformes,* 221 Ill.App.3d 440, 582
N.E.2d 196, 199, 163 Ill.Dec. 930, 933 (2d
Dist.1991), and *Quist v. Board of Trustees of
Community College Dist. No. 525,* 258 Ill.
App.3d 814, 629 N.E.2d 807, 811, 196 Ill.Dec.

262, 266 (3d Dist.1994), that deny the cause of action where the alleged tortfeasor was an agent of the third party with whom plaintiff had his contract, and I note a third decision, *Rice v. Nova Biomedical Corp.*, 38 F.3d 909 (7th Cir.1994), that questions the logic of a claim where an employer has ratified an agent's interference. However, the Seventh Circuit in the present case has upheld the denial of defendants' motion for qualified immunity on the ground that if Board members were pre-biased, they may not have been impartial decision makers, and might have been required to excuse themselves from participation in decisions respecting plaintiff so long as a quorum could have been achieved without them. *Bakalis v. Golembeski, et al.*, 35 F.3d 318 (7th Cir.1994). The Seventh Circuit relied on settled authority that holds that due process requires an impartial hearing tribunal. Under similar logic, it can be argued that a Board of Trustees composed of individuals acting to further their personal interests and not the interests of the college could be found to have interfered with Dr. Bakalis' contract with Triton College, as interpreted by an unbiased Board of Trustees. The third party, in other words, is an unbiased Board of Trustees.

Defendants in this case are alleged to have interfered with Dr. Bakalis' contract in order to provide employment contracts to their political allies.[1] Other courts have held that such allegations state a claim despite the fact that the alleged tortfeasor was an agent of the contracting third party. *See Marc Development, Inc. v. Wolin, supra*, 845 F.Supp. at 554; *Mittelman v. Witous*, 135 Ill.2d 220, 552 N.E.2d 973, 979, 142 Ill.Dec. 232, 246 (1989). Under the reasoning of this authority, at least until the facts are further developed, Dr. Bakalis' claim will be allowed to go forward. Defendants' motion to dismiss Count IV is denied.

further their own private interests.

---

1. In contrast, the plaintiff in *Quist* apparently did not allege that the individual defendants acted to