GERMAINE L. BIVIN *et al.*, Plaintiffs-Appellants, v. JAMES H. WRIGHT *et al.*, Defendants-Appellees.

Fifth District    No. 5—93—0770

Opinion filed October 18, 1995.

Jay B. Howd, of Carbondale, for appellants.

James B. Bleyer, of Bleyer & Bleyer, of Marion, for appellees.

JUSTICE WELCH delivered the opinion of the court:

Germaine L. Bivin and Robert L. Bivin, husband and wife, filed suit in the circuit court of Williamson County against Reverend James H. Wright, Deacon Ronald Stewart, and First Baptist Church of Energy, alleging that, during the course of marital counseling of the Bivins, Reverend Wright initiated and continued a sexual relationship with Germaine, thereby exacerbating the problems in the Bivins' marriage, alienating them from their church and church community, and causing them emotional and psychological damage. The complaint sounded in nine counts.

Counts I through VI were directed against Reverend James H. Wright, minister and counselor of First Baptist Church of Energy, and sought damages for intentional infliction of emotional distress (count I), negligent infliction of emotional distress (count II), breach of fiduciary duty (count III), alienation of affections and criminal conversation (count IV), assault and battery (count V), and marriage counselor malpractice (count VI). Count VII was directed against Deacon Ronald Stewart and sought damages for slander. Count VIII was directed against First Baptist Church of Energy and alleged negligence in the church's failure to supervise Reverend Wright, failure to adequately train Reverend Wright, failure to dismiss Reverend Wright upon learning of his sexual affair with Germaine Bivin and of his involvements with other female members of the congregation, and failure to warn plaintiffs of Reverend Wright's previous involvements with members of the congregation. Count IX was directed against Deacon Stewart and alleged the same acts of negligence as those alleged against the church.

Upon motion of defendants, the circuit court of Williamson County dismissed counts II, III, VIII, and IX for failure to state a cause of action, holding that "inquiring into the respective duties of the pastor, church members and deacons would *** entangle the court in an ecclesiastical matter in a manner not permitted by our Constitutions." Count IV of the complaint was also dismissed for failure to state a cause of action. By order entered October 25, 1993, pursuant to Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)), the court found that there was no just reason for delaying either enforcement of or appeal from the order dismissing portions of plaintiffs' complaint.

In their notice of appeal, filed November 18, 1993, plaintiffs stated that their appeal was taken from this order of October 25, 1993, and that they sought to reinstate First Baptist Church of Energy as a party defendant to the action. On motion of defendants, in an order entered March 2, 1995, this court held that plaintiffs-appellants were

limited by their notice of appeal to appealing only the dismissal of the count directed against First Baptist Church of Energy. Accordingly, this court struck those portions of plaintiffs-appellants' brief claiming error in the dismissal of other counts of the complaint and dismissed those portions of the appeal. The only issue left in this appeal is the propriety of the trial court's dismissal of count VIII of plaintiffs' complaint, alleging negligence by First Baptist Church of Energy.

Count VIII of plaintiffs' complaint against First Baptist Church of Energy contains the following pertinent allegations: that Reverend Wright was employed as a minister and counselor by First Baptist Church of Energy; that Reverend Wright was trained and educated as a minister and counselor and that his professional counseling included marriage counseling, faith counseling, and counseling on general family matters; that Germaine Bivin sought the services of Reverend Wright for the purpose of receiving marriage counseling; that in the course of said counseling, Reverend Wright seduced Germaine and began an illicit, adulterous, and meretricious sexual relationship with her; that this sexual relationship continued for some period of time under the guise of marriage counseling; that prior to his relationship with plaintiffs, Reverend Wright had "relationships" with other members of the congregation; and that First Baptist Church of Energy had a duty to all members of the congregation to use reasonable care in training, assigning, controlling, and supervising Reverend Wright with respect to providing religious services and counseling services.

The complaint alleges that First Baptist Church of Energy was negligent in: failing to supervise Reverend Wright notwithstanding the fact that it knew or should have known that his previous attractions to female congregation members created an unreasonable risk that his religious and marital counseling would be ineffective and potentially detrimental to those being counseled, including plaintiffs; failing to adequately train and apprise Reverend Wright of the proper methods and techniques of marital counseling; failing to dismiss Reverend Wright as plaintiffs' marriage counselor notwithstanding the fact that it knew or should have known of Reverend Wright's emotional and physical attraction to Germaine, as well as previous such attractions; failing to warn members of the congregation, including plaintiffs, of Reverend Wright's previous attachments, creating an unreasonable risk of marital discord among members of the congregation; and failing to dismiss or reassign Reverend Wright as minister and counselor notwithstanding the fact that it knew or should have known that his attractions to female congregation

members created an unreasonable risk that his religious and marital counseling would be ineffective and potentially detrimental to those being counseled, including plaintiffs.

The complaint alleges that, as a direct and proximate result of the church's negligence, Germaine contracted two venereal diseases, plaintiffs have suffered irreparable deterioration in their marital relationship, plaintiffs have been and will be forced to pay and become liable for various sums for psychological expenses and other forms of emotional treatment, and plaintiffs have incurred various sums for medical and hospital expenses for treatment of the venereal diseases. The trial court dismissed this count for failure to state a cause of action based upon the constitutional guarantee of the right of free exercise of religion.

■ The decision whether to grant a motion to dismiss is within the sound discretion of the trial court. (*Faulkner v. Gilmore* (1993), 251 Ill. App. 3d 34, 39, 621 N.E.2d 908, 911.) In reviewing the propriety of a dismissal for failure to state a cause of action, this court must determine whether the complaint, when viewed in the light most favorable to plaintiff, alleges sufficient facts to establish a cause of action upon which relief can be granted. (*Faulkner*, 251 Ill. App. 3d at 38, 621 N.E.2d at 910.) A cause of action will not be dismissed on the pleadings unless it clearly appears that no set of facts can be proved which will entitle plaintiff to recover. (*Faulkner*, 251 Ill. App. 3d at 38, 621 N.E.2d at 910.) All well-pleaded facts and inferences drawn therefrom must be accepted as true, and a reviewing court should interpret the facts alleged in the complaint in the light most favorable to plaintiff. *Paskarnis v. Darien-Woodridge Fire Protection District* (1993), 251 Ill. App. 3d 585, 586, 623 N.E.2d 383, 384.

Viewing the allegations of plaintiffs' complaint in the light most favorable to them, we conclude that the trial court abused its discretion in dismissing the complaint for failure to state a cause of action based on the constitutional guarantee of the right of free exercise of religion. It simply does not appear from plaintiffs' complaint that no set of facts can be proved which would entitle plaintiffs to recover without violating the church defendant's right to freely exercise its religion.

We begin our analysis by pointing out that the church defendant does not claim that the alleged sexual misconduct of its minister was part of its religious beliefs or practices or was in any way sanctioned or condoned by the church. The minister's alleged sexual misconduct was not rooted in his religious beliefs or those of his church. We note also that the church defendant does not argue that plaintiffs have

failed to state a cause of action for negligence against the church. The church defendant argues only that plaintiffs' cause of action is barred by the constitutional guarantee of the right of free exercise of religion.

A court's authority to resolve disputes involving a church is narrowly circumscribed by the first amendment's guarantee that the right to the free exercise of religion will not be abridged. (*Hines v. Turley* (1993), 246 Ill. App. 3d 405, 417, 615 N.E.2d 1251, 1259.) Illinois courts have generally refused to decide cases that require a judicial interpretation of religious doctrine or church law. (*Hines*, 246 Ill. App. 3d at 417, 615 N.E.2d at 1259.) However, where doctrinal controversy is not involved in a church dispute, mandatory deference to religious authority is not required by the first amendment, and the court may choose from a variety of approaches in resolving the dispute. (*Hines*, 246 Ill. App. 3d at 417, 615 N.E.2d at 1259.) Thus, in disputes over church property, Illinois courts have applied a "neutral principles of law" approach, objectively examining pertinent church characteristics, constitutions and bylaws, deeds, State statutes, and other evidence to resolve the matter the same as it would a secular dispute. (*Hines*, 246 Ill. App. 3d at 418, 615 N.E.2d at 1259-60.) Using such an approach, the dispute must be resolved applying neutral legal principles, using purely secular analyses without relying on religious precepts. *Hines*, 246 Ill. App. 3d at 418, 615 N.E.2d at 1260.

Although the neutral principles of law approach is usually applied to disputes over church property, we cannot conclude from plaintiffs' complaint that the instant cause cannot be decided using neutral principles of negligence law, developed for use in all negligence disputes, without interpretation of religious doctrine or church law, just as would be a secular dispute in a negligence case. Resolution of the instant dispute may not involve any searching inquiry into religious matters in violation of the first amendment. The first amendment prohibits civil courts from resolving church disputes on the basis of religious doctrine and practice. (*Jones v. Wolf* (1979), 443 U.S. 595, 602, 61 L. Ed. 2d 775, 784, 99 S. Ct. 3020, 3025.) We cannot conclude from plaintiffs' complaint that the instant case cannot be decided on the basis of neutral principles of law and without reference to religious doctrine and practice.

We cannot conclude from plaintiffs' complaint that their cause of action against First Baptist Church of Energy will infringe upon, or place a burden upon, the church's freedom to exercise its religion. Inquiring into whether the church was negligent in its failure to protect plaintiffs from the sexual misconduct of its minister may not call into question the church's religious beliefs or practices or subject

them to analysis or scrutiny. As we have pointed out, the minister's sexual misconduct was not rooted in the church's religious beliefs and was outside the boundaries of the church's ecclesiastical beliefs and practices. Thus, resolving this dispute may not require any interpretation of church doctrine or any regulation of ecclesiastical activity. We cannot conclude from plaintiffs' complaint that resolution of this dispute will require the court to inquire into, or attempt to adjudicate, determine, or interpret the church's religious policies, practices, doctrines, or tenets.

We are careful to express no view as to the final outcome of this controversy, whether by further motion to dismiss, motion for summary judgment, or trial. We now find only that the trial court abused its discretion in dismissing plaintiffs' complaint for failure to state a cause of action based on the constitutional guarantee of the right to freely exercise one's religion.

For the foregoing reasons, the judgment of the circuit court of Williamson County is reversed, and this cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

CHAPMAN and RARICK, JJ., concur.