JACQUELINE SZYMANSKI *et al.*, Plaintiffs-Appellants, v. THE GLEN OF SOUTH BARRINGTON PROPERTY OWNERS ASSOCIATION *et al.*, Defendants-Appellees.

First District (1st Division) No. 1—97—1513

Opinion filed December 29, 1997.

Phyllis J. Perko, of West Dundee, for appellants.

Fuller & Berres, of South Barrington (Warren R. Fuller, of counsel), for appellees.

JUSTICE O'BRIEN delivered the opinion of the court:

Plaintiffs, Jacqueline and Ronald Szymanski, appeal the trial court's order dismissing their complaint against defendants, The Glen of South Barrington Property Owners Association, Rose Packing, Inc., Michael Rafferty, Larry Johannesen, and William Rose, pursuant to sections 2—615 and 2—619 of the Code of Civil Procedure. 735 ILCS 5/2—615, 2—619 (West 1992). We affirm.

Plaintiffs filed a complaint on August 2, 1996, alleging they are homeowners in a residential development known as The Glen of South Barrington which is subject to a recorded declaration of restrictions and covenants. Plaintiffs alleged the purpose of the restrictions and covenants is to assure the development of unique, custom-designed homes. To that end, the property owners association published architectural guidelines stating in pertinent part that "Plans similar in design to existing homes will not be approved."

Plaintiffs alleged that in early 1992, construction began on a home directly across from their home. As construction progressed, plaintiffs observed architectural similarities between the home under construction and their own home. On or about August 3, 1992, plaintiffs observed that the brick facing delivered to the construction site appeared to be identical to the brick on their own home.

Plaintiffs further alleged that on August 4, 1992, they wrote letters to defendants Michael Rafferty and Larry Johannesen, members of the architectural review committee, demanding that installation of the brick be prevented. The architectural review committee and the developer, Rose Packing Company, Inc., rejected plaintiffs' demands.

Construction on the home progressed without any further objection from plaintiffs until 1996, when they filed suit. Plaintiffs claimed in their suit that defendants had breached a fiduciary duty to them by approving a design for the neighboring home which violated the restrictive covenant's and architectural guidelines' prohibition against plans similar in design to existing homes.

Defendants The Glen of South Barrington Property Owners Association, Michael Rafferty, and Larry Johannesen filed a section 2—615 motion to dismiss. In that motion to dismiss, defendants argued plaintiffs' claims were barred by *laches*; the architectural guidelines were too vague to be enforced; the architectural review committee owed no fiduciary duty to plaintiffs; and the members of the architectural review committee were not liable to plaintiffs.

Defendants Rose Packing Company and William Rose (the Rose defendants) filed a motion to dismiss stating that it was made pursuant to section 2—619 of the Code. The Rose defendants filed a memorandum in support adopting the motion of the other defendants and setting forth four other arguments: the developer owed no fiduciary duty to plaintiffs; the developer's power to veto architectural plans expired prior to the events alleged in plaintiffs' complaint; plaintiffs failed to allege a legally sufficient cause of action against William Rose; and plaintiffs did not adequately allege a violation of the restrictions and covenants by any person.

On January 28, 1997, the trial court granted both motions to dismiss and stated in its written dismissal order that "[t]here is no just reason to delay enforcement of this order, pursuant to Illinois Supreme Court Rule 304(a)." On March 7, 1997, the trial court amended its order to state that "although judgment was entered as to fewer than all the parties, there is no just reason to delay either enforcement or appealability of this order pursuant to Supreme Court Rule 304(a)." Plaintiffs filed their notice of appeal on April 4, 1997.

■ Initially, defendants argue we lack jurisdiction to hear plaintiffs' appeal because they filed their notice of appeal more than two months after the trial court's January 28 dismissal order. We disagree. The record indicates the January 28 order was a judgment as to all the parties except defendant Joseph Vosmik, a member of the architectural review committee, whom plaintiffs had served with summons the previous day and who had not yet answered. Accordingly, since the January 28 order was a judgment as to fewer than all the parties, Rule 304(a) (134 Ill. 2d R. 304(a)) language was necessary for plaintiffs to take an immediate appeal. Although the January 28 order stated that no just reason existed to delay enforcement pursuant to Rule 304(a), such language was not sufficient to confer appellate jurisdiction because it lacked any reference to appealability. See *In re Application of the Du Page County Collector*, 152 Ill. 2d 545, 551 (1992) ("where appeal is sought pursuant to Rule 304(a) from a judgment which defeats a claim or is in the nature of a dismissal, the written finding is sufficient only if it refers to appealability. For such judgments, reference to enforceability cannot confer appellate jurisdiction because there is simply no judgment to enforce").

On March 7, 1997, the trial court amended its order to include the appealability language. Plaintiffs timely filed notice of appeal within 30 days of the March 7 order. Therefore, we have jurisdiction to hear their appeal.

On appeal, plaintiffs argue the trial court erred in dismissing their complaint. Defendants argue the trial court correctly deter-

mined that *laches* bars plaintiffs' complaint, and therefore the court properly granted the section 2—615 motion to dismiss.

■ *Laches* is an equitable doctrine that bars an action where, because of an unreasonable delay in bringing suit, a party is misled or prejudiced or takes a course of action different from what he would have taken otherwise. *Summers v. Village of Durand*, 267 Ill. App. 3d 767, 770-71 (1994). Where *laches* is apparent on the face of the complaint, it is a proper subject for a section 2—615 motion to dismiss. *Summers*, 267 Ill. App. 3d at 771.

■ Plaintiffs here waited four years before filing suit, and they offer no explanation for the delay. During that four-year time period, construction apparently was completed on the offending home. Plaintiffs claim in their complaint that the offending home "depreciate[s] the value of [their] residence" and they ask for $100,000 in damages from defendants. Had plaintiffs filed suit earlier, defendants would have been in a position to change the design of the offending home and avoid any damages claim by plaintiffs. Clearly, then, defendants were prejudiced by plaintiffs' unreasonable delay in filing suit. Accordingly, we find that *laches* is apparent from the face of plaintiffs' complaint, and therefore the trial court properly dismissed the complaint pursuant to section 2—615.

Plaintiffs argue *laches* does not exist where defendant has " 'knowledge or notice *** that the complainant would assert the right on which he bases his suit' " (*Smith v. Intergovernmental Solid Waste Disposal Ass'n*, 239 Ill. App. 3d 123, 135 (1992), quoting *Pyle v. Ferrell*, 12 Ill. 2d 547, 553 (1958)), or where defendant knowingly violated a restriction or right and proceeded irrespective of the consequences. *Pettey v. First National Bank*, 225 Ill. App. 3d 539, 545 (1992).

Plaintiffs argue their August 4 letter notified defendants that they were violating the restrictions and covenants and the architectural guidelines and that plaintiffs might sue. Plaintiffs contend defendants proceeded irrespective of the consequences and therefore *laches* does not apply here.

We disagree. Defendants' response to plaintiffs' letter indicated that defendants believed they were in compliance with the restrictions and covenants and the architectural guidelines. Plaintiffs expressed no disagreement with defendants' response, and therefore defendants were entitled to believe that plaintiffs had reconsidered or abandoned their initial claim. See generally *Miller v. Bloomberg*, 126 Ill. App. 3d 332 (1984). Thus, plaintiffs cannot now argue that defendants knowingly violated the restrictions and covenants and architectural guidelines and/or proceeded irrespective that plaintiffs would file suit.

■ Plaintiffs also argue defendants should have asserted the *laches* defense in a section 2—619 motion to dismiss supported by an affidavit detailing the prejudice they suffered by plaintiffs' delay in filing suit. Instead, defendants raised *laches* in their section 2—615 motion to dismiss, which plaintiffs argue the trial court should have denied. We disagree, as the case plaintiffs cite in support, *Summers v. Village of Durand,* contradicts their argument. *Summers* held where the defense of *laches* is not apparent from the face of the complaint, the motion must be made pursuant to section 2—619(a)(9) and must be supported by affidavit. *Summers,* 267 Ill. App. 3d at 771. However, where *laches* is apparent from the face of the complaint, it is a proper subject for a section 2—615 motion to dismiss. *Summers,* 267 Ill. App. 3d at 771. As discussed above, *laches* is apparent from the face of plaintiffs' complaint, and therefore we hold the trial court properly granted defendants' section 2—615 motion to dismiss.

As a result of our disposition here, we need not address defendants' other arguments supporting the dismissal of plaintiffs' complaint.

For the foregoing reasons, we affirm the trial court.

Affirmed.

CAMPBELL, P.J., and GALLAGHER, J., concur.